### CONNOR v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  April 7, 1898.)

DEATH BY WRONGFUL ACT—DAMAGES.

> In an action to recover for pecuniary injuries sustained by the next of kin of a decedent, caused by his death through the alleged negligence of defendant, it appeared that he was a laborer earning $2 a day, and was charged with the support of his wife and four children, the oldest 11 and the youngest 6 years of age; and that prior to the accident he was in good health. A verdict for plaintiff for $1,000 was set aside by the trial judge as inadequate.  *Held*, no error.
>
> Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Bridget Connor, as administratrix of Timothy Connor, deceased, against the mayor, aldermen, and commonalty of the city of New York. Verdict for plaintiff. From an order granting a motion to set it aside because inadequate, and directing a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, McLAUGHLIN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
Louis Steckler, for respondent.

INGRAHAM, J.  The action was brought to recover for the pecuniary injuries sustained by the next of kin of Timothy Connor, deceased, caused by his death. The case came on for trial before a jury, and the plaintiff gave evidence tending to show that the deceased, a workman driving a cart through Gouverneur street, was thrown off his cart by a hole in the cross walk of the street two feet square and between five and six inches deep. The left wheel of the cart ran into this hole and caused the injury from which Connor died. There was evidence tending to show that this unsafe condition of the street had existed for four or five months. The plaintiff also showed that Connor left, him surviving, a widow and four children, the oldest 11 and the youngest 6 years of age. The case was submitted to the jury, who found a verdict for the plaintiff for $1,000. The learned trial judge set aside the verdict upon the ground that it was inadequate, and from that order the defendant appeals.

The deceased was a laboring man earning two dollars per day, charged with the support of his wife and children, and his death made it impossible for him to perform this duty. He was in good health prior to the accident, and we agree with the court below that, if the defendant was liable at all, the damages sustained by

the widow and these four children, who will need many years of support before they will be competent to take care of themselves, exceeded the sum awarded by the jury. We are never disposed to interfere with the discretion of the trial court in granting a new trial unless it appears that that decision is based upon an erroneous determination of a legal question or principle, or upon some misunderstanding of the effect of the evidence. Here it is quite clear that the death of the husband and father of a family of this character—the person upon whom rests the burden of supporting the family—will not by any means be compensated by the amount of this verdict. Assuming that the widow and children had other means of support, the duty nevertheless was upon the husband and father to support the family. Compensation for the loss occasioned by his death would not be dependent upon the want of other means of support the widow or children had. We think, therefore, that under the circumstances the trial judge did not commit legal error in his determination that the amount awarded by the jury was inadequate, and the order appealed from is affirmed, with costs.

RUMSEY and PATTERSON, JJ., concur.

McLAUGHLIN, J. (dissenting). I think the order appealed from should be reversed. The damages which the plaintiff was entitled to recover under the statute, by reason of the death of her intestate, were such a sum as the jury deemed a "fair and just compensation for the pecuniary injuries resulting from the decedent's death." The jury, after considering all of the evidence, awarded her $1,000, and this conclusion ought not to have been interfered with unless it appeared that the verdict was the result of passion, prejudice, corruption, or mistake. A verdict of $1,000, under the evidence set forth in this record, cannot of itself (and there is nothing else suggested) be said to have been brought about by either one of these influences. The pecuniary injuries sustained by the widow and the infant children of the deceased were, from the very nature of the case, indefinite, prospective, and contingent, and could not be proved with any degree of accuracy, for the reason that the deceased might have died, failed in health, or abandoned his family. Because of the difficulty and uncertainty in fixing the damages in actions like this, the courts have refused, except in rare instances, to interfere with the verdict of the jury. Whatever may be said of the verdict in this case, the real question is,—and it was the question presented to the trial court,—can this court say, as a matter of law, that the jury violated any recognized rule governing their deliberations and determinations, because they did not award this plaintiff a larger sum than they did? I think not. The case of Reger v. Railroad Co., 2 App. Div. 5, 37 N. Y. Supp. 520, is directly in point. In that case action was brought to recover damages resulting from the death of plaintiff's daughter. The jury rendered a verdict of $375, which the trial court set aside, as here, on the sole ground that the verdict was inadequate; but on appeal the order was unanimously reversed. I think this order should be

reversed. For these reasons I cannot concur in the opinion of Mr. Justice INGRAHAM.

VAN BRUNT, P. J., concurs.