(37 Misc. Rep. 99.)

GUBBITOSI v. ROTHSCHILDS et al.

(Supreme Court, Trial Term, New York County. January, 1902.)

WRONGFUL DEATH—DAMAGES.

A verdict of $200 in an action by next of kin to recover for the death, by negligence, of a boy aged six years, the child of a shoemaker with small earnings, will be set aside as grossly inadequate.

Action by George Gubbitosi against Isaac Rothschilds and others. Verdict for plaintiff. Motion to set it aside for inadequacy granted.

Louis Oppenheim, for plaintiff.
Carl Schurz Petrasch, for defendants.

RUSSELL, J. For the negligent killing of his son, who was not quite six years old, the jury awarded plaintiff a verdict of $200. The plaintiff moves to set aside this verdict for inadequacy. The child was born in this country, the father coming here from Italy 12 years ago, and engaging in the occupation of a shoemaker, with narrow earnings. The proof showed nothing to indicate that the son was other than an ordinary boy in his condition of life. The jury could properly, upon the evidence, have found a verdict for the defendants. It is very certain that the 12 jurors did not unite upon a verdict that the child was killed by the negligent act of the defendants, and that the sum of $200 was a fair and just compensation for the pecuniary injuries resulting to the next of kin, because each juror intelligently believed in the right to recover and the amount of damages, but because some of the jurors favored a recovery for a probably larger amount, while the others were satisfied that no cause of action had been established. The cases passing upon the duty of the courts to intervene upon such verdicts are not uniform in their action. The appellate division for the Fourth department reversed an order setting aside a verdict of $375 for the death of a girl 3½ years old, and ruled that so small a verdict was within the province of the jury. Reger v. Railway Co., 2 App. Div. 5, 37 N. Y. Supp.

520. But the appellate division in the First department reversed an order refusing to set aside a verdict of six cents for the death of a boy, and held that the award of nominal damages determined the question of liability for substantial damages in plaintiff s favor. Morris v. Railroad Co., 51 App. Div. 512, 64 N. Y. Supp. 878. At trial term in the same department a verdict of $300 for the loss of a child was set aside as inadequate. Willsen v. Railroad Co., 74 N. Y. Supp. 774 (O'Gorman, J.). E. converso, verdicts of $3,000 to $5,000 for the deaths of children five or six years of age have been sustained. Houghkirk v. Canal Co., 28 Hun, 407; Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am. St. Rep. 778; Knupple v. Ice Co., 84 N. Y. 488. In considering a question of the kind now presented, inquiries into the description of the child, unless physical or mental weakness appears, are not very helpful. The growth of the young life into ripening manhood or womanhood is hidden from mortal eyes; but, with the faith of confidence in the opportunities afforded in this country, justified by experience, we may fairly assume that, as a probability in the great majority of cases, a boy born here, whether of native or foreign parents, will mature into a useful citizen and son. Upon any other basis the effort to look into the future to ascertain what his loss means to his parents is fairly caprice or guess, and verdicts of $10,000 or $10 for children of the same apparent future usefulness are equally sacred as within the juries' province. By this death, aside from any sentimental loss, the father lost the probable service of the son from an age when that service would overbalance the burden of his support, the help of his manhood life rendered from the instinct of affection and the legal obligation to support parents who were aging into inability to care for themselves. And that service is not the less valuable because strengthened by filial feeling. What basis of judgment or right did this jury have to value it all at $200? The verdict is not just to the plaintiff, if he is right in his claim, as the jury says he is. It is not just to the defendants if their position is correct. An approval by the court would be its adoption of an error. Nor do I think it proper to make the plaintiff pay for what he asks as a right and not a favor. He is not to blame for the error of the jury, so declared by the court. The verdict is set aside, and a new trial awarded, without costs.

Verdict set aside, and new trial ordered, without costs.