## GEORGE A. BOYDEN *vs.* FITCHBURG R. R. Co.

May Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson, Start and Thompson, JJ.

*Pleading— V. S. 2451, 2452—Duty of Railroad to one Crossing its Track on Sunday.*

To entitle the administrator to maintain an action upon V. S. 2451, 2452, it is not necessary that death should have resulted instantly from the injury complained of.

*Legg* v. *Britton*, 64 Vt. 652, followed.

To an action upon V. S. 2451, 2452, for negligently running over and killing the plaintiff's intestate at a highway crossing to the damage of the father as next of kin, the defendant pleaded that the intestate was a non-resident of this state, was of full age and not bound in any way to his father's service and had not been charged by any court with his father's support, and that the father was not chargeable as a pauper upon any town in this state. The plea was *held* to be in bar, not in abatement, and, as such, insufficient upon the ground that it is not necessary that the next of kin should have had a legal claim upon the deceased for service or support, a reasonable expectation of pecuniary advantage being enough.

A special issue is a direct denial of some material and traversable allega-
tion, never advances new matter, and concludes to the country.

Pleas which advance new matter in denial of what the plaintiff would be
bound to prove on the general issue, are bad as amounting to the general
issue.

Pleas concluding with a verification, though not advancing new matter,
are bad, if what they allege is matter of evidence merely.

It cannot be said that a railroad company owes no duty whatever to one
who is crossing its track on Sunday, even though he is traveling in viola-
tion of the statute.

CASE upon V. S. 2451 and 2452, for negligently killing the
intestate to the damage of his father as next of kin.   Heard
on demurrer to the defendant's second, third, fourth, seventh
and eighth pleas and a motion to dismiss the fifth and sixth
pleas, at the September Term, 1896, Windham County,
*Start*, J., presiding.   *Pro forma* judgment sustaining the
demurrer and motion, adjudging the second, third, fourth,
seventh and eighth pleas insufficient and dismissing the fifth
and sixth pleas.   The defendant excepted.

The fourth plea alleged that the accident occurred upon
the Sabbath when the intestate was in the act of traveling
upon the highway, not engaged in any work of necessity or
charity but solely in the pursuit of pleasure.

The fifth and sixth pleas alleged that the intestate was of
full age and not under any contract to serve his father, that
he was a non-resident of the state and had not been charged
by the judgment of any court with his father's support, and
that the father himself was not chargeable as a pauper upon
any town in this State.

The seventh and eighth pleas sufficiently appear in the
opinion.

*Batchelder & Bates* for the defendant.

*Waterman, Martin & Hitt* for the plaintiff.

MUNSON, J.   The only question made as to the sufficiency
of the declaration is based upon the theory that the action
cannot be maintained if the injured person survived for the

shortest period of time. An examination of *Legg* v. *Britton*, 64 Vt. 652, will show that this view is unfounded.

The plaintiff claims that the fifth and sixth pleas are dilatory in their nature, and should have been dismissed because filed out of time; but claims further that if the pleas are considered they do not answer the declaration. We think the pleas are to be treated as pleas in bar, and that as such they are insufficient. They are drawn upon the theory that there can be no recovery unless the deceased owed his father some duty at the time of his death. But it is not necessary that the next of kin should have had a legal claim upon the deceased for service or support. It may be shown that there was a reasonable expectation of deriving some pecuniary advantage from the deceased, and the destruction of such expectation will sustain the action. 67 Am. Dec. 568, note: 12 Am. St. Rep. 378, note: *Franklin* v. *South Eastern Railway Co.*, 3 H. & N. 211: 8 Eng. Ruling Cases, 419 and note.

It is claimed that the seventh and eighth pleas are bad as amounting to the general issue. The defendant meets this claim by saying that they are special issues. A special issue consists of a direct denial of some material and traversable allegation, never advances new matter, and concludes to the country. *Kimball* v. *Boston, Concord & Montreal R. R. Co.*, 55 Vt. 95. The declaration alleges that the intestate and the driver of the team were in the exercise of due care at the time of the accident. The pleas in question allege various facts and circumstances tending to show that they were not in the exercise of due care; and, as an inference from those facts and circumstances, it is further alleged that neither of them were in the exercise of due care, but that both were guilty of contributory negligence.

The pleader probably regarded these pleas as advancing new matter, and not as mere denials of the allegation of due care, for he concludes them with a verification instead of to the country. Treating them as new matter, they are bad as

amounting to the general issue, as such matter is in denial of what the plaintiff would be bound to prove on the general issue in order to support his case. 1 Chit. Pl. 527; Gould's Pl. c 6. s. 78; *Kimball* v. *Railroad Co.* above cited; *Burton* v. *Bostwick*, Brayton 195; *Martin* v. *Woods*, 6 Mass. 6; *Thayer* v. *Brewer*, 15 Pick. 217; *Bank of Auburn* v. *Weed*, 19 Johns 300; *Sinclair* v. *Hervey*, 2 Chit. Rep. 642.

But if the pleas are to be treated as not advancing new matter, and therefore not bad as amounting to the general issue, yet they are bad as special issues, for they allege that which is matter of evidence merely, and conclude with a verification. *Kimball* v. *Railroad Co.* above cited; *Dowman's Case*, 9 Rep. *9b. It is said in the case last cited that "evidence shall never be pleaded, because it tends to prove matter in fact, and therefore the matter in fact shall be pleaded, and if that is denied, the evidence is to be given to the jury and not to the court."

These questions regarding the seventh and eighth pleas are disposed of without inquiring as to the proper manner of taking advantage of defects of this character. See *Kimball* v. *Railroad Co.* above cited.

The fourth plea is not double. It does not allege negligence on the part of the plaintiff otherwise than as shown by his traveling on Sunday.

It thus becomes necessary to inquire whether the defendant is relieved from liability by the fact that the plaintiff was traveling in violation of the statute. The question presented has been decided differently in different states. *Duran* v. *Insurance Co.*, 63 Vt. 437. It is held in this state that one so traveling cannot recover of the town for injuries sustained through an insufficiency of the highway; *Johnson* v. *Irasburgh*, 47 Vt. 28; but this is put upon the ground that a town is under no obligation to provide a safe road for such a traveler; and in considering the grounds on which the decisions of other states are based the court expressed its approval of the reasoning adopted by those which hold

that recovery may be had. It was thought to be difficult to maintain that the traveler's illegal act contributes to the injury, or that his being engaged in an unlawful act bars his recovery. We have no disposition to ignore the views expressed in the reasoning of that opinion, and if this plea is sustained it must be upon the ground that the defendant owed no duty to one traveling the highway in violation of the statute. But we think it cannot be said that a railroad company owes no duty whatever to one who is crossing its track on the Sabbath. As a traveler in violation of the statute he should stand no worse than an ordinary trespasser, and a railroad company owes a trespasser at least the duty not wilfully to run over him. There is nothing in the reasoning of the opinion in *Johnson* v. *Irasburgh* that would have prevented a recovery if the town authorities had been repairing the road on the Sabbath, and had wilfully run their road machine upon the plaintiff. It might easily be considered that the defendant company owed the plaintiff no duty as regards the safety of the crossing, and yet be held that it owed him some duty as regards the running of its train. It is not necessary to examine the subject further in disposing of these pleas. They do not necessarily answer the count, and so must be held insufficient.

> *That part of the judgment dismissing the fifth and sixth pleas is reversed, and those pleas are adjudged bad on demurrer. In all other respects the judgment is affirmed. Cause remanded.*

*Start*, J., dissents on the first point.