JACOB BEAMAN, Respondent, v. THE MARTHA WASHINGTON MINING COMPANY, a Corporation, Appellant.

1. INSTRUCTIONS: EXCEPTIONS TO: INSUFFICIENT. Where an instruction contains a number of distinct propositions of law, many .of which are doubtless correct, an exception to the instruction. in gross by mere reference to the number of the paragraph is insufficient to direct the attention of the court to the matter claimed to be objectionable, and is too general for consideration upon appeal. Appellant is estopped to complain of the giving of an instruction requested.

2. In an action by a father for the negligent killing of his minor child, under sections 2911 and 2912, Revised Statutes 1898, the recovery of the parent for the pecuniary loss sustained in being deprived of the society, comfort and protection of the child, is not necessarily limited to the period of the child's minority, but the parent may recover for the benefits reasonably to be expected to be received by him after majority.

3. Where the proper elements of damages are affirmatively stated, it is not error to refuse to instruct negatively what can not be taken into consideration by the jury as elements of plaintiff's damages, in the absence of something in the testimony or arguments rendering such an instruction necessary.

4. Where a question is asked by plaintiff whether the attorney for defendant represent in the case an insurance company, and the question is objected to and the objection sustained, and no effort is made by the defense to cure the vice, if any,·of the mere asking of such question. *Held,* not to be such an abuse of the privileges of counsel as to require a new trial.

5. In an action for negligent killing while deceased was being hoisted in a "skip" out of an incline shaft of defendant's mine, it is competent to inquire how the "skip" was ordinarily operated for the purpose of tending to show that the defendant had notice of the engin-

eer's negligence, and experts may be asked what effect such running would have upon the "skip" when so operated upon the track described.

Decided January 7, 1901.　Rehearing denied February 12, 1901.

Appeal from the Fifth District Court, Juab County.—*Hon. E. V: Higgins,* Judge.

Action for damages for the negligent killing of plaintiff's minor son by defendant. From a judgment for plaintiff defendant appealed.

AFFIRMED.

*Messrs. Rawlins, Thurman, Hurd & Wedgewood* and *Messrs. Bennett, Harkness, Howat, Sutherland & Van Cott,* for appellant.

It will be seen from sections 2911 and 2912, giving the right of action, that in this class of cases, in case of a minor, the right is confined to the father, mother or guardian, according as the parental relation may exist, and that such damages may be given, as under all the circumstances of the case may be just. The heirs of a minor, as heirs, are given no right of action. It is exclusively confined to the parent or guardian as such.

"In an action for the benefit of a parent for the death of a minor child, the damages necessarily include the loss of the child's services, during minority and the measure of damages is the value of the services, less the probable cost of the support and maintenance." Death by Wrongful Act, Tiffany, sec. 164; 8 Am. and Eng. Ency. of Law (1 Ed.), p. 919; Louisville Ry.

Co. v. Goodykoontz, 12 Am. State Reports, note p. 381; Penn. Co. v. Lilly, 73 Ind. 252; Mayhew v. Burns, 103 Ind. 328; Little Rock and Fort Smith Ry. Co. v. Barker (Ark.), 34 Am. Repts. 44.

Many courts of last resort have passed upon instructions similar to the instruction in the case at bar, and we respectfully submit the following cases to the consideration of the court: Morgan v. Southern Pac. Co. (Cal.), 30 Pac. Rep. 603; Beeson v. Mining Co., 57 Cal. 20; Monro v. Reclamation Co., 84 Cal. 515; Ohio, etc., R. R. Co. v. Tindall (Ind.), 74 Am. Dec. 262; Fox v. Oakland Consol. St. Ry. (Cal.), 50 Pac. 28; Pepper v. Southern Pac. Co., 105 Cal. Reps. 403; Morgan v. Southern Pac. Co., 95 Cal. 510, 29 Am. St. Rep. 143; Harrison v. Sutter St. Ry. Co. (Cal.), 47 Pac. Rep. 1022; Atchison, T. & S. F. R. Co. v. Wilson, 1 C. C. A. Reps. 25.

It has been many times held by appellate courts that the mere asking of a question, where it is apparent to everybody that the question is improper, and where the mere asking is likely to be prejudicial to the interests of the adverse party, is erroneous, and that the case will be reversed and a new trial granted upon this ground alone. 16 Am. and Eng. Ency. of Law, 528; People v. Wells, 34 Pac. Repr. 1078; Birmingham Nat. Bank v. Bradley (Ala.), 19 So. Repr. 791, 795; McDuff v. Detroit Evening Journal Co. (Mich.), 47 N. W. 671; Belyea v. Ry. Co. (Min.), 63 N. W. 627; Cleveland Paper Co. v. Banks (Neb.), 16 N. W. 833; S. C. 48 Am. Rep. 334.

*Messrs. Power, Straup & Lippman* for respondent.

The substantial complaint defendant makes is that the court erred in his charge on the measure of damages.

The defendant is not in a position to have reviewed this

alleged error; for the reason that proper exceptions were not taken to the charge.   Nebeker v. Harvey, 21 Utah 356; Haun v. Railroad, 22 Utah 346.

"In an action for causing the death of a child damages are not to be restricted to its services during minority, as the measure of damages, under the statute authorizing recovery for a wrongful death, is the whole pecuniary loss sustained thereby, and the fact that the deceased was an infant does not change the rule." Birkett v. Knickerbocker Ice Co., 110 N. Y., 504; Coghlan v. Third Ave. R. R. Co., 110 N. Y. Supp. 113; B. & O. R. Co. v. State, 60 Mo. 449; G. C. & S. F. Ry. Co. v. Compton, 75 T. 667; Petrie v. Railroad, 29 S. C. 303; Strother v. S. C. & G. R. Co. (S. C.), 25 S. E. 272; F. C. P. R. Co. v. Foxworthy, 13 Am. and E. R. Cases, 469, 25 So. 338; R. and D. R. Co. v. Freeman, 97 Ala. 289; Hyde v. U. P. Ry. Co., 7 Utah 359.

That the loss of comfort, society and companionship are proper elements of damages we also cite:   Wells v. Ry. Co., 7 Utah 482; Pool v. Ry. Co., 7 Utah 303; Chilton v. Ry. Co., 8 Utah 48; Beeson v. Green Mountain Mfg. Co., 57 Cal. 20; Cook v. R. R. Co., 60 Cal. 604; Cleary v. Railroad, 76 Cal. 240; Monroe v. Dredging Co., 84 Cal. 527; B. & P. R. R. Co. v. Mackey, 157 U. S. 72; 39 L. Ed. 624; Erslew v. N. O. & N. E. R. Co., 21 So. 153; L. A. & C. R. Co. v. Rush, 127 Ind. 545; Simmons v. McConnell, 86 Va. 194.

"Under a statute permitting parents to recover for the negligent killing of their minor child such damages as the jury may think proportionate to the injury, the recovery can not be limited to such pecuniary benefits as the parents might have received from the child prior to his majority." Texas & P. R. Co. v. Wilder, 92 Fed. Rep. 953; Houston City St. R. Co. v. Sciaacca, 80 Tex. 350; G. C. & S. F. Co. v. Compton, 75 Tex. 667; Boyden v. Fitchburg R. Co., 70 Vt. 125, 39

Atlantic 771; Bowles v. Railroad Co., 46 Hun. 324; Holt
v. Spokane etc., R. Co., 35 Pac. 39; Ill. Cen. R. Co. v. Reer-
don, 157 Ill. 372, 86 Iowa 677; City of Chicago v. Keefe,
114 Ill. 222; Railroad Co. v. Slater, 128 Ill. 91; Rockford
etc. R. Co. v. DeLaney, 82 Ill. 192; Flarherty v. N. Y. &
N. H. R. Co., 19 R. L. 604, 35 Atlantic 308; A. T. & S.
F. R. Co. v. Cross, 49 Pac. 599, 58 Kan. 424; Pierce v. Con-
nors, 20 Col. 178; Hopkinson v. Knapp & S. Co., 20 Ia. 328;
Thompson v. Johnson Bros., 86 Wis. 576; Maderia v. Potts-
ville, 160 Pa. 109; Ft. Worth etc. R. Co. v. Hyatt, 34 S.
W. 677; Davis v. Railroad Co., 55 Ark. 462; Augusta Factory
v. Davis, 87 Ga. 648.

Complaint is made because plaintiff's counsel asked Jo-
seph Hurd if the firm of Rawlins, Thurman, Hurd & Wedge-
wood represented an insurance company in this case.

Defendant's objection thereto was promptly sustained.
The authorities cited by appellant on this contention are not
applicable.

"There must be such a palpable wrong in the conduct of
counsel as to justify the conclusion that he was actuated by
bad faith to warrant a new trial for his misconduct." People
v. Searcy, 121 Cal. 1.

## STATEMENT OF FACTS.

This action is brought by plaintiff for the negligent kill-
ing of his minor son by the defendant. The complaint al-
leges the negligent construction by the defendant company of
a track in one of the shafts or inclines of its mine; that the
said track was uneven and rough so that a skip being operated
upon the same was likely to be thrown off the track; that the
bell or signal rope was negligently placed too near the track;
that defendant negligently used an unsafe skip which from cer-

tain defects enumerated could not be run without dumping or running off the track; that defendant negligently employed an incompetent and careless engineer, who operated the skip in a jerky and unsafe manner; that plaintiff's son of the age of sixteen years was employed by the defendant in general work about the surface of defendant's mine and was inexperienced in the underground workings of mines and was unfamiliar with skips, equipments and appliances used in lowering and raising persons and objects in said mine and was otherwise unfamiliar with the workings and operation of mines in general; that defendant, on the day in question, carelessly directed said minor to the bottom of the shaft in said skip and that by reason of all the negligent acts alleged said minor was killed.

There is evidence in the record that the track down the incline or shaft of defendant's mine was not straight but curved; was uneven (that is, not on the same incline all the way down) and rough; that the attention of defendant's foreman had been called to the condition of the track; that upon said track an "automatic dumping skip," was operated by steam, and that the ordinary way for men to go up and down the mine was in the skip; that the hanging wall of the shaft came down in places to within ten inches of the top of the skip; that the bell rope was placed along the side of the track on the wall plates on the bottom of the incline below the iron rails; that to reach the bell cord while riding up or down the skip one had to reach over the side of the skip and down to the wall plates, and to do so there was danger of knocking one's head against the roof; that the bell cord should have been placed on the side of the shaft even with or a little above the top of the skip where it would have been convenient to reach; that there were only a few staples holding the bell cord in place upon the wall plates so that if a person were not care-

ful in handling the bell cord it would become entangled in the
wheels of the skip; that there should have been staples every
ten or twenty feet to hold the bell cord in place; that there
were no "safety" appliances on the skip to prevent it turning
over off the track; that the dumping apparatus was defective;
that the engineer in operating the skip would open the throttle
of the engine and carelessly sit back in his chair and talk to
people while the men were being hauled up; that complaints
of this were made to the shift boss about ten days before the
accident; and that the skip was known to jump the track some
four or five times before the accident.  On the day of the ac-
cident the skip was sent down for plaintiff's son and one Zuck-
swert, and as the skip was being drawn up it was discovered
to be off the track.  The skip was found at about the 200
foot level empty, dumped and turned upside down off the track
with indications that the bell cord had wound about the wheels
and that the skip had been dragged ten or fifteen feet after
turning over.  Plaintiff's son and Zuckswert were found at
the bottom of the shaft about 350 feet from the surface, both
dead.  Deceased was hired to do chores on top of the mine,
and plaintiff did not know until after the accident that his
son was working down the mine.  The jury returned a ver-
dict for plaintiff for $10,000, and a motion for a new trial was
denied upon plaintiff remitting $4,000 of the amount of the
verdict in accordance with the decision of the trial court.  De-
fendant appeals from the judgment thus reduced.

HART, Dist. Judge, (after stating the facts).

The defendant complains of the following instruction,
No. 26:  "If you find for the plaintiff, you will then award
such damages as in your judgment from the evidence the plain-

tiff has sustained. You can not award any damages for the mental suffering or injured feelings of any of the relatives of the deceased. In determining the amount of damages you may take into consideration the age, mental and physical health at the time of his death, his probable length of life, his ability and disposition to labor, his habits of living, the probable earnings of deceased before coming of age, from which should be deducted the reasonable cost of his care and maintenance during his minority; also the loss of comfort, society and companionship of said deceased, if any, that the plaintiff has sustained by his death, and the amount, if any, expended for funeral expenses. And you should consider all the facts and circumstances, so far as shown by the evidence, which show any pecuniary loss to the plaintiff. And from all the above facts award such compensatory damages, if any, as the evidence shows has been sustained."

Appellant's criticism of this instruction is for what it fails to state rather than for any error expressed therein. Among the wholesale exceptions to the instruction given, appellant excepts to the giving of instruction No. 26.

Whatever may have been the actual intent of the enactors of sec. 3151 of the Revised Statutes of Utah, 1898, providing that "no reason need be given for such exceptions," this court has so often condemned a general exception and held that the specific objectionable matter must be pointed out that the writer of this opinion does not deem it necessary to discuss the matter here. It may be noted, however, that any other rule would be a hardship upon litigants, a burden to the courts and against public interest. Where the trial court must instruct the jury in writing before the arguments of counsel to the jury and often has only the time while the testimony is being taken in which to consider and prepare the instructions, it would be unreasonable to place the trial

court in the position of an insurer, in a sense, of the correctness of each instruction, not only as to the law given, but also as to what is omitted to be given, and this without attention ever being called to the point of the objection.   The instructions being in writing, counsel have ample opportunity of knowing exactly what is charged and taking exceptions to objectionable matter. · There are a number of distinct propositions contained in said instruction, many of which were without doubt correct.   An exception in gross by mere reference to the number of the paragraph did not direct attention to the matter objected to and was insufficient.   Marks v. Thompkins, 7 Utah 425, 27 Pac. 6; Nelson v. Brixen, 7 Utah 454, 27 Pac. 578; People v. Hart, 10 Utah 204, 37 Pac. 330; Ruffatti v. Min. Co., 10 Utah 386, 37 Pac. 591; People v. Berlin, 10 Utah 41, 36 Pac. 199; Scoville v. Salt Lake City, 11 Utah 60, 39 Pac. 481; Lowe v. Salt Lake City, 13 Utah 91, 44 Pac. 1050; Wilson v. Mining Co., 16 Utah 392, 52 Pac. 626; Scott v. Milling Co., 18 Utah 486, 56 Pac. 305; Brigham City v. Crawford, 20 Utah 130, 57 Pac. 842; Wall v. Smelting Co., 20 Utah 474, 59 Pac. 399; Pool v. Railway Co., 20 Utah 201, 58 Pac. 326; Nebeker v. Harvey, 21 Utah 363, 60 Pac. 1029; Haun v. Railway Co., 22 Utah 346, 62 Pac. 908; 8 Ency. Pl. and Prac., 259-264, and cases there cited; 2 Ency. Pl. and Prac., 948-951, and cases cited; Baltimore & P. R. Co. v. Mackey, 157 U. S. 72, 39 L. Ed., 624, and cases cited.

Appellant complains of that part of the instruction which permits a recovery for "the loss of comfort, society and companionship of said deceased, if any, that plaintiff has sustained by his death."

Appellant is estopped to so object in view of its first request to instruct as follows:

"In such action such damages may· be given as, under all the circumstances of the case may be just, not exceeding

the probable pecuniary value of the loss of the comfort, society and protection to the father and the probable earnings of such child, after deducting the reasonable cost of his care and maintenance, to which may be added the cost of necessary funeral expenses. In such action the father is not entitled to recover for the benefit of the mother or heirs of the deceased child, or for the benefit of any other person than himself."

But the court did not instruct that any recovery for loss of comfort, society, etc. should be limited to the period of the minority of the deceased, as embodied in defendant's fourth request, as follows:

"If the jury find for plaintiff, in fixing the amount of damages you should not take into account or allow for any benefit, advantage, aid or comfort which might have accrued to the deceased's parents or either of them, but for his death after said deceased child should attain the age of twenty-one years." There was no error in the refusal to so instruct. A different rule is established elsewhere under different statutes. This suit is brought under and is determined by secs. 2911 and 2912 R. S. Utah, 1898, as follows:

"2911. A father, or in case of his death or desertion of his family, the mother, may maintain an action for the death or injury of a minor child; and a guardian, for the injury or death of his ward, when such injury or death is caused by the wrongful act or neglect of another. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person."

"2912. When the death of a person, not a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his con-

duct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

The recovery of the parent is not necessarily limited to the period of the child's minority but the parent may recover for benefits reasonably to be expected to be received from the child after majority. Boyden v. Fitchburg, R. C. 70 Vt. 125; Holt v. Spokane, etc. R. Co. (Ida.), 35 Pac. 39; Ill. Cen. R. Co. v. Reardon, 157 Ill. 372; Flaherty v. N. Y. & N. H. R. Co., 19 R. I. 604; A. T. & S. F. R. Co. v. Cross (Kan.), 49 Pac. 599; Thompson v. Johnson Bros., 86 Wis. 576; St. Louis I. M. & S. R. Co. v. Davis, 55 Ark. 462; Pierce v. Connors, 20 Col. 178; G. C. & S. F. Ry. Co. v. Compton, 75 Tex. 667; Birkett v. Knickerbocker, 110 N. Y. 504; Texas & P. R. Co. v. Wilder, 92 Fed. 953; Hyde v. U. P. R. R. Co., 7 Utah 339; Wells v. Railway Co., 7 Utah 482; Pool v. Railway Co., 7 Utah 303; Chilton v. Railway Co., 8 Utah 48.

Appellant requested that recovery for loss of comfort, society and protection be limited to the "probable pecuniary value thereof." The court evidently attempted to so state the law in the twenty-sixth instruction, and while the language is not as free from possible ambiguity as we would like to see it, yet it perhaps more clearly restricts a recovery to a pecuniary standard than is done in the instruction approved by this court in the Hyde case and the Wells case above cited.

Other requests by appellant that were refused and excepted to are to the effect that damages could not be awarded on account of any loss to the deceased child or suffering on his part. This is doubtless a correct statement of the law; but was appellant in any wise prejudiced by its not being given? There appears to be no testimony of any suffering by deceased. The arguments of counsel in, or the facts of, some cases, might

make it necessary for the court to give such a charge, but in the absence of some such showing, there should not be a reversal for failure to so instruct. It was a mere negative, a statement of what could not be considered as a proper element of damages. It was enough to state affirmatively the elements of damages in the absence of some necessity for telling the jury what could not be considered by them.

Error is assigned to the taking of certain testimony. Mr. Hurd, one of the counsel for defendant, was called to the stand by counsel for plaintiff, and the following proceedings taken:

"Q.    Mr. Hurd, the firm of Rawlins, Thurman, Hurd and Wedgwood appear as attorneys of record for the defendant here do they?

A.    Yes, sir; the record so shows it is.

Q.    Do you know whether they represent an insurance company in this case?

Mr. Wedgwood.    I object to it as wholly immaterial who they represent.

(Some argument by counsel on each side.)

Mr. Wedgwood.    We ask, if there is going to be any argument that the jury retire during the argument.

The Court:    I don't care to hear any argument.    The objection is sustained.

Judge Powers.    Note an exception.

Mr. Wedgwood.    I will take an exception to the argument on the objection to the question by Judge Powers.    We object to the question and the argument of counsel and we desire to take an exception to make it a matter of record.    We object to the question being put in at all.

The Court:    Well it can appear on the record that the exception was taken, but it will also appear that the objection was not taken in time to rule on it—to exclude it—it was not taken in time for the court to make a ruling on it."

We do not think there was such an abuse of the privileges of counsel that a reversal should be ordered on such a record. The wilful asking of an incompetent question may be so prejudicial that even an instruction by the court to disregard the same may not cure the evil. Here there was no objection to the argument in the presence of the jury until after a brief argument was had. There was no effort by defendant to cure the vice of the question, if any, by a request to the court to have the jury disregard the same. Had counsel thought a jury would be less likely to return a verdict in favor of a mining corporation than an insurance company, he should have at least sought to have the court cure the evil by an oral instruction at the time.

Objection was made to the question: "What would be the effect on the skip on that track, as you have described it, if it was run rapidly?" asked of the witness Lyman C. Johnson, who had been a miner for fifteen years. His answer was: "If the skip jumped the track, it would be apt to turn over if it catches anything." Substantially the same question was asked George A. McKenzie, a witness who had been engaged in mining for thirty years. His answer, given under objection and exception, was: "In my judgment, the skip would if run very rapidly, might tip without leaving the track." This was a question for expert testimony, and there was no question raised as to the qualifications of the witnesses. It was not a matter supposed to be within the common experience of the jury, and was not the direct question the jury were to determine. The ultimate fact for the jury to determine in this connection was whether there was negligence.

Another class of objections is illustrated by the following:

"Q. About how fast was the skip ordinarily hauled up when men were in it?"

Objected to by defendant as immaterial.    Objection overruled and exception taken.

"A.    Sometimes it was run very rapidly and sometimes slower."

There are some other like questions and objections and rulings, but there was no error therein.    Plaintiff had the right to inquire how the skip was ordinarily operated and (from experts) what the probable effect would be.

The judgment is affirmed at defendant's costs.    *Baskin, J.,* and *Cherry, Dist. Judge,* concur.