SAMUEL SCHNABLE *vs.* PROVIDENCE PUBLIC MARKET.

PROVIDENCE—OCTOBER 29, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

| 24 | 477 |
| 24 | 537 |
| 24 | 477 |
| p26 | 434 |

(1)  *Parent and Child.  Negligence.  Damages.*

In an action by a parent, to recover for the death of a minor, caused by defendant's negligence, the measure of damages is the pecuniary loss which the parent sustained by reason of being deprived of the child's services during his minority.  Nothing can be given by way of solace for wounded feelings or for the bereavement suffered, and nothing for the loss of society of the child.   The question is peculiarly one for a jury.

(2)  *Evidence.*

In an action for negligence, alleging injury from the negligent handling of a heavy box by defendant's servants, testimony offered by defendant as to the handling of a similar box at another time, with the object of showing that a sufficient number of men were employed in the handling of the box which fell upon the plaintiff's child, was properly admitted.

(3)  *Parent and Child.  Loss of Services.  Damages.*

In an action by a parent, to recover for the death of a minor, caused by defendant's negligence, the damages are limited to the period of the minority of the infant.

TRESPASS ON THE CASE for negligence.   Heard on petition of plaintiff for new trial, and petition denied.

TILLINGHAST, J.   The first ground upon which the plaintiff bases his petition for a new trial is that the damages awarded by the jury are inadequate to compensate him for the loss sustained by the death of his child.   The child was a boy of five years of age, and was killed by the falling upon him of a heavy box through the negligent handling thereof by the defendant's

servants ; and the jury assessed the plaintiff's damages in the sum of $750.

(1)    The measure of damages in a case of this sort is the pecuniary loss which the parent sustains by reason of being deprived of the child's services during his minority.    Nothing can be given by way of solace for wounded feelings or for the bereavement suffered (*City of Chicago* v. *Hesing, Ad.*, 83 Ill. 207 ; *Agricultural Association* v. *State*, 71 Md. 86 ; *Caldwell* v. *Brown*, 53 Pa. St. 459 ; 2 Sedgwick on Dam. 536–9, and cases in note), and nothing for loss of society of the child.    *McGarr* v. *National & Providence Worsted Mills*, 24 R. I. 447.    The only question, therefore, for the jury to determine in such a case is what, in their judgment, would have been the pecuniary value of the child's services from the time of the accident, which resulted in its death, to the time when it would have reached the age of majority, had the injury not been sustained, less the child's proper support and maintenance.    That this is a very difficult question to answer, and that it is absolutely incapable of exact determination, no one will deny.    The child might or might not have lived till it was twenty-one ; it might have lived to that age without being able to render any services of pecuniary value : it might have refused to live with its parents, or to render them any services if it had remained with them ; or, on the other hand, it might have been a dutiful and useful child and rendered much valuable service to them.    These contingencies and numerous others which might be mentioned, and which are within the realm of practical experience, show that at the best the question aforesaid is very largely a problematical, if not, indeed, a speculative one, and, hence, is peculiarly within the province of a jury to determine after hearing all the evidence bearing upon the situation and standing in life of the parent, the physical and mental condition of the child, his surroundings and prospects, and all the other circumstances of the case.    They see and hear the witnesses, they are generally heads of families and have children of their own—and therefore have peculiar knowledge as to the pecuniary value of children's services, as well as of the expense attending their support and education—and hence are

in a position to approximate more nearly to the correct solution of such a difficult question than any other tribunal can be.

It follows, therefore, that, unless it be made to appear in a given case that the jury were influenced by passion. prejudice, or some improper motive, or that they failed to be governed by the law and the evidence in the case, their finding upon the question of damages will not be disturbed.

An examination of the record presented in this case fails to satisfy us that the jury were thus improperly influenced, or that they in any respect disregarded their duty in the premises, or that the damages awarded by them are inadequate to fully compensate the plaintiff for the net pecuniary loss sustained by the death of his child.

It is true the verdict is for a smaller amount than that awarded in the cases cited by the plaintiff ; but it is also true that it is larger than the amount awarded in a number of cases cited by the defendant.   Such lack of uniformity must always be expected in tort actions, and especially in those of this class. Different juries almost invariably render different verdicts as to damages, even when trying the same case.   And it is certainly not within the bounds of reason to expect them to comform to any rule approaching exactness in this matter, when the cases themselves are different.   For a collection of cases showing the different amounts awarded by juries and either sustained or held excessive by the courts, see Tiffany on Death by Wrongful Act, pp. 199–212.

The following cases are pertinent as bearing upon the question of damages, under statutes similar to ours, in cases of this sort, and fully sustain the view which we have taken, viz.: *Caldwell* v. *Brown*, 53 Pa. St. 453, at p. 459 ; *Terhune* v. *Contracting Co.*, 76 N. Y. Supp. 255 ; *Cumberland &c. R. R. Co.* v. *State*, 44 Md. 283 ; *Reger* v. *Rochester Ry. Co.*, 37 N. Y. Supp. 520 ; *Hurst* v. *Detroit City Railway*, 84 Mich. 539, at p. 545 ; *Telfer* v. *Ry. Co.*, 30 N. J. L. 188 ; *Penn. State* v. *Lilly*, 73 Ind. 252 ; *Benton* v. *R. R. Co.*, 55 Iowa, 496 ; *Rains* v. *Ry. Co.*, 71 Mo. 164 ; *Association* v. *State*, 71 Md. 86 ; *Chicago Ry. Co.* v. *Bayfield*, 37 Mich. 205 ; *St. Louis &c. Ry. Co.* v. *Davis*, 18 S. W. Rep. 628 ; *Little Rock &c. R. R.*

v. *Barker*, 33 Ark. 350, at pp. 360 and 362 ; *The Oceanic*, 61 Fed. Rep. 338.    See also Tiffany, *supra*, § 164.

(2)    The second ground of the plaintiff's petition is that the court erred in allowing testimony to be offered by the defendant as to the handling of a similar box at another time.    The object of this testimony was to show that a sufficient number of men were employed in the handling of the box which fell upon the plaintiff's child.    We see no objection to the testimony offered. But, even assuming that it was improperly admitted, the plaintiff has no ground of complaint, because, notwithstanding its introduction, the jury found that the defendant was guilty of negligence in the handling of the box in question.    And new trials are not granted to correct harmless errors.

(3)    The third ground of the petition is that the court erred in its charge to the jury in limiting the time for which the plaintiff could recover to the period before the boy should reach the age of twenty-one years.    This ruling was clearly correct.    In an action of this sort the parent can only recover the net value of the child's services during his minority.    The chances of survivorship, and of his ability and willingness after he should become of age to support the parent, are matters too vague, uncertain, and remote to enter into an estimate of damages merely compensatory.    *Lehigh Iron Co.* v. *Rupp*, 100 Pa. St. 95.    In *State* v. *Balto. & Ohio R. R. Co.*, 24 Md. 105–108, the plaintiff objected to the rule laid down by the court as to the measure of damages "because it limits the pecuniary loss of the mother, *cestui que use*, to the minority of the child, and deprives the jury of the right to award her damages for the pecuniary loss she would reasonably sustain in her advanced life for want of labor and services of the son, even after he reached his majority.    The rule should have been to allow what they considered a reasonable compensation."    But the court said :    "The law entitled the mother to the services of her child during his minority only, the father being dead.    Beyond this the chances of survivorship, his ability or willingness to support her, are matters of conjecture too vague to enter into an estimate of damages merely compensatory."

The rule as thus stated is in accordance with the almost un-

broken current of judicial decisions upon this question in this country.

The opinion of the court in *Cooper* v. *Ry. Co.*, 66 Mich. 261, clearly illustrates the unreasonableness of allowing juries to speculate as to possible assistance which the child might have rendered to its parents after arriving at the age of majority. In that case the court below did not limit the jury to damages sustained during the minority of the child, but allowed them to take into consideration such other pecuniary benefits as the parents might reasonably be expected to realize had the child lived for the balance of her probable duration of life, not longer than theirs.  In condemning this instruction, the court said : " What other pecuniary benefits the parents might reasonably be expected to realize, the learned judge does not explain to the jury.  He tells them that they should give such damages as fairly represent the value or chance of the pecuniary benefit which the father and mother lose by the death of their daughter.  Here was a broad field of chance and probabilities laid open before the jury through which they could roam without limit.  They were permitted to speculate upon the future and consider the probabilities or the possibilities of its unknown and unknowable contingencies ; to consider and guess at what might occur had the daughter not been killed and had lived to an age measured by the probable duration of the life of a person eleven years of age.  They were given the data of a healthy girl of eleven years of age, born of poor parents, living with and being cared for by her grandmother ; and from this they were required to solve the mighty problem of a life whose future was unknown, and from its unfathomable depths to figure out the chances of pecuniary benefits the parents of that child would have received had she lived past the age of majority. . . . The statute authorizes the jury in every case of this kind to give such amount of damages as they shall deem fair and just to the persons who may be entitled to the same when recovered.  Under this statute the jury are not warranted in giving damages not founded upon the testimony, or beyond the measure of compensation for the injury inflicted.

They cannot give damages founded upon their fancy, or based upon visionary estimates of probabilities or chances."

As the plaintiff shows no ground for a new trial, his petition must be dismissed.

*Petition dismissed, and case remanded to Common Pleas Division for judgment on the verdict.*

*C. M. Salisbury,* for plaintiff.

*David S. Baker,* for defendant.