ROBERT P. CURRAN, Administrator

*vs.*

LEWISTON, AUGUSTA & WATERVILLE STREET RAILWAY COMPANY.

Androscoggin.    Opinion June 29, 1914.

*Accident.    Chap. 27, Public Laws, 1913.    Contributory Negligence.    Damages.*
*Death.    Due Care.    Negligence.*

1.  In case of immediate death, under the original statute, giving a right of
    action, it was not only incumbent upon the plaintiff to prove the negligence of
    the defendant, but also that the decedent, at the time of the accident, was in the
    exercise of due care.

2.  Under the Act of 1913, the burden of proof upon the question of due care was
    shifted and the rule of pleading contributory negligence changed.

3.  Under this statute, the decedent is presumed to have been in the exercise of
    due care at the time of the accident and injury, and this presumption cannot
    be rebutted by evidence tending to prove contributory negligence, unless it
    shall be pleaded by the defendant.

4.  The measure of damages in this class of cases is based entirely upon the
    prospective pecuniary benefit, which the decedent at a given age can be antici-
    pated to furnish his beneficiary.

On motion by defendant.    Motion sustained, unless the plaintiff
within thirty days from the certification of this case, shall file a
remittitur of the verdict in excess of $500.00.

This action is to recover for injuries which resulted in the immediate
death of plaintiff's intestate, a girl eight years of age, by being struck
by defendant's car on the 20th day of July, 1913, on Lisbon Street,
in the city of Lewiston, in the county of Androscòggin.    This action
was brought under Chap. 27, Public Laws of 1913.    The plea
was the general issue.    The jury returned a verdict for the plaintiff
in the sum of $1811.00.    The defendant filed a motion for a new trial.

The case is stated in the opinion.

*R. J. Curran, and Connellan & Connellan,* for plaintiff.

*Newell & Skelton,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

SPEAR, J. This is a motion by the defendant for a new trial. The jury found for the plaintiff in the sum of $1811.00.

The action was to recover for injuries which resulted in the immediate death of the plaintiff's intestate, eight years of age, and is brought by the plaintiff as administrator for the benefit of her surviving father and mother. The evidence shows that the decedent, who was with other children in the street, ran ahead of her companions, walked directly toward the track, crossed the outer rail and remained standing on the track, looking toward the other children, with the car approaching from the rear. There she stood until the accident happened. From the undisputed evidence the jury were warranted in finding that the motorman could, if observing, have seen the little girl standing on the track at any point within a distance of 400 feet from her. But it seems quite conclusive that his attention must have been called to the presence of this girl upon the track when he was at least 200 or more feet away, as that of several other people was who repeatedly shouted to her, while the car was approaching with the gong sounding. After he saw her, had he been in the exercise of due care, it seems evident that he might have stopped his car before reaching her. The evidence further warranted the jury in finding that the car was running through this thickly settled community at a speed of 20 to 25 miles an hour, which, in the minds of the jury may have been regarded as a negligent rate of speed, in view of the fact that it was the duty of the motorman to anticipate the dangers that were liable to happen and provide against them. If they so regarded the speed, they might have properly concluded that had he been running with due care, the motorman could have stopped his car, after he had become convinced that the little girl did not hear the warnings and showed no indications of stepping from her dangerous situation. Upon all the evidence, it is the opinion of the court that the jury did not go astray in finding the defendant negligent.

In case of immediate death, under the original statute giving a right of action, it was not only incumbent upon the plaintiff to prove the negligence of the defendant, but also that the decedent at the time of the accident was in the exercise of due care; but, under

the act of 1913 the burden of proof upon the question of due care was shifted, and the rule of pleading contributory negligence changed. Before the latter statute the general issue was sufficient. But Chap. 27, Public Laws, 1913, expressly provides: "In actions to recover damages for negligently causing the death of a person, or for injury to a person who is deceased at the time of trial of such action, the person for whose death or injury the action is brought shall be presumed to have been in the exercise of due care at the time of all acts in any way related to his death or injury, and if contributory negligence be relied upon as a defense, it shall be pleaded and proved by the defendant." The language of this statute is unambiguous and plain. The decedent, in the case provided for in this statute, is presumed to have been in the exercise of due care at the time of the accident and injury, and this presumption cannot be rebutted by an offer of evidence tending to prove contributory negligence, unless it "shall be pleaded" by the defendant. This defense in this case was not pleaded. The defendant, accordingly, was precluded from offering any evidence tending to prove contributory negligence. In other words, contributory negligence, if it existed on the part of the decedent, was not in issue under the pleadings.

It may be well to note, however, that were the question of contributory negligence open, the subsequent negligence of the defendant would still seem to be sufficiently proven to establish its liability.

This brings us to the question of damages. Upon this issue the court is of the opinion that the damages were clearly excessive. The right to recover damages at all in this class of cases is purely statutory. There was no common law action. We are, therefore, confined to the express language of the statute. R. S., Chap. 89, Sec. 10, provides: "The jury may give such damages as they shall deem a fair and just compensation, not exceeding $5,000, with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought." We can readily discern how the immediate death of a parent may be a great loss to the surviving parent and children, and how the loss of a husband or wife may be a serious loss to the survivor, depending upon the circumstances surrounding the particular case; but in the case of the death of a child of tender age, whose very existence for years to come depends upon the protection of its parents; who,

under the school laws, must attend school until the age of fifteen; whose capacity and character are in no way established; whose life is uncertain; whose future pecuniary usefulness to its parents is a problem, depending upon so many contingencies that it cannot be solved; a question is presented so speculative and devoid of data that any reasonable or satisfactory conclusion is practically impossible.    In the last analysis, all that can be done toward calculating the future value of a young child to its parents is to make an estimate based upon such presumption of that value as may be derived from common knowledge and experience, as no evidence is possible that can foretell the future history of any given child.    But the statute contemplates that parents may, during their entire lifetime be the recipients of bounty from a child or children.    Yet, if our presumption be true, it must be conceded that a majority of children, eight years of age, will have cost their parents during their lifetime, a much larger outlay than they will have contributed to their benefit.

Yet the measure of damages in this class of cases is based entirely upon the prospective pecuniary benefit, which the decedent at a given age can be anticipated to furnish his beneficiary.    In the present case the decedent was eight years old.    But we cannot act upon the rule that in a majority of cases children are an outset, as the statute must be construed to assume that the immediate death of a person, old or young, may carry with it some damages.    We think, however, that the court as well as the jury should consider the rule in the estimate of damages.    The difficulty with the jury, and even with the court, in considering the question of damages under this statute is to separate the cold-blooded fact of pecuniary value from those emotions of sentiment and affection which regard the loss of a child or a parent as beyond money and without price.    It is the duty of the court, however, regardless of sentiment, to observe the clear mandate of the statute and finally fix the measure of damages in accordance therewith.    In obedience to this duty, it is the opinion of the court that the plaintiff is entitled to recover the sum of $500.00.

> *Motion sustained unless the plaintiff within thirty days from the certification of this case shall file a remittitur of the verdict in excess of $500.00.*