NICOLINA M. PIETRO D'ANGELO, ADMX. *v.* RUTLAND RAILWAY LIGHT & POWER COMPANY.

Special Term at Rutland, November, 1926.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed January 6, 1927.

*Death—Action Under G. L. 3314, 3315 for Benefit of Next of Kin—Damages for Death of Minor—Jury Question.*

1. Damages recoverable for death, for benefit of next of kin, under G. L. 3314, 3315, are for pecuniary loss or injury only, and destruction of reasonable expectation by next of kin of deriving some pecuniary advantage or benefit from continuance of life of deceased will sustain action.

2. Such damages are not confined to loss of service during minority of deceased child, but may, upon proper showing, include damages for loss of reasonable expectation of pecuniary benefit, accruing after minority.

3. In action for death of deceased, a minor, under G. L. 3314, 3315, by his mother, as administratrix for her benefit as next of kin, on question of damages, *held* that evidence justified submission to jury of question whether contributions and help of deceased would probably have continued after reaching his majority.

ACTION OF TORT under G. L. 3314, 3315, to recover damages for death of minor, by his mother as administratrix for the benefit of herself as next of kin. Plea, general issue. Trial by jury at the March Term, 1926, Rutland County, *Graham*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Fenlon, Wing & Morse* for the defendant.

*Charles E. Novak* and *Lawrence, Stafford & Bloomer* for the
plaintiff.

MOULTON, J.    The deceased, a minor aged eighteen years
and nine months, met his death by coming in contact with a wire
of the defendant company, carrying a high voltage current of
electricity, which fell upon him while he was engaged in his work
as an employee of the city of Rutland.    Suit was brought by
his mother, as administratrix, for her benefit as his next of kin,
under G. L. 3314, 3315.    The verdict was for the plaintiff, and
the case comes to this Court upon exceptions by the defendant.

The exceptions relied upon relate only to the question of
damages.    The point was raised by an exception to the admis-
sion of evidence; by an exception to the failure of the court to
charge as requested; and by an exception to the charge as given.
It is not necessary to discuss the exceptions separately.    The
question is the same in each instance.

By the rule adopted by the trial court, the plaintiff was
held entitled to recover for the loss of her reasonable expectation
of pecuniary advantage from the continuance of the life of the
deceased; that if her reasonable expectation would terminate
upon the deceased reaching his majority, if he lived that long,
then that would be the limit of her recovery.    But if she had a
reasonable expectation of pecuniary benefit from the continu-
ance of her son's life beyond the period of his minority, then she
might recover for such further expectation.

The defendant's position is that the recovery should have
been limited to the actual pecuniary injury sustained by the
plaintiff by reason of the loss of her son's services from the
time of his death to that time when, if he had lived, he would
have attained the age of twenty-one years, she being by law en-
titled to such services; and that, beyond that point, the chance
of survivorship, the son's ability or willingness to contribute to
her benefit, by money or otherwise, are matters of conjecture
too vague to enter into an estimate of damages.

[1]    The statute, under which this action has been brought
is practically identical with the statute 9 and 10 Vict. ch. 93, com-
monly known as Lord Campbell's Act.    *Legg, Admr.* v. *Britton,*
64 Vt. 652, 658, 659, 24 Atl. 1016.    The damages recoverable
thereunder are for pecuniary loss or injury only, and the
destruction of a reasonable expectation by the next of kin of

deriving some pecuniary advantage or benefit from the continuance of the life of the deceased will sustain the action.  *Boyden* v. *Fitchburg R. R. Co.,* 70 Vt. 125, 127, 39 Atl. 771; *Lazelle* v. *Newfane,* 70 Vt. 440, 443, 444, 41 Atl. 511; *Legg, Admr.* v. *Britton, supra; Eames* v. *Brattleboro,* 54 Vt. 471, 477; *Needham, Admr.* v. *G. T. Ry. Co.,* 38 Vt. 294, 305; *Franklin* v. *S. E. Ry. Co.,* 3 H. & N. 211, 214, 8 Eng. Rul. Cas. 419, 421, 422.

Upon the question here in issue the authorities are conflicting.  Many jurisdictions hold that, where the deceased is a minor, the measure of damages is the pecuniary loss which the parent sustains by reason of being deprived of the child's services during minority, less the child's proper support and maintenance; and that, beyond the period of minority, the chances of the ability and willingness of the child to support the parent are matters too vague, uncertain, and remote to enter into an estimate of damages merely compensatory.  Some of the cases are not in point because of the wording of the statute under which the decisions are made, but among those construing a similar statute to ours we note the following:  *Hopkins* v. *Knapp & Spalding Co.,* 92 Iowa, 328, 60 N. W. 653; *Beach* v. *City of St. Joseph,* 192 Mich. 296, 158 N. W. 1045; *Leahy* v. *Davis,* 121 Mo. 227, 25 S. W. 941; *Davis, Director General of Railroads* v. *McCullers,* 126 Miss. 521, 89 So. 158; *Schanable* v. *Providence Public Market,* 24 R. I. 477, 53 Atl. 634; *Agricultural Assn.* v. *State,* 71 Md. 86, 18 Atl. 37, 17 A. S. R. 507; *Sherer* v. *Shlaberg,* 18 N. D. 421, 122 N. W. 1000, 24 L. R. A. (N. S.) 520; *Little Rock & Fort Smith Ry. Co.* v. *Barker,* 33 Ark. 350, 34 A. R. 44; *Pere Marquette R. R. Co.* v. *Chadwick,* 65 Ind. App. 95, 115 N. E. 678.

[2]   But the weight of authority is otherwise, and holds to the doctrine that in such cases the damages are not confined to the loss of services during the minority of the deceased child, but may, upon a proper showing, include damages for the loss of reasonable expectation of pecuniary benefit, accruing after minority.  *Pierce* v. *Conners,* 20 Colo. 178, 37 Pac. 721, 46 A. S. R. 279; *Holt* v. *Spokane, etc., Ry Co.,* 3 Idaho, 703, 35 Pac. 39; *Griffin* v. *Fredonia Brick Co.,* 90 Kan. 375, 133 Pac. 574; *Gilman* v. *Hardware Company,* 42 Mont. 96, 111 Pac. 550; *Draper* v. *Tucker,* 69 Nebr. 434, 95 N. W. 1026; *Southwestern Portland Cement Co.* v. *Bustillos* (Tex. Civ. App.), 216 S. W. 268; *Beamon* v. *Mining Co.,* 23 Utah, 139, 63 Pac. 631; *Colonial*

*Coal, etc. Co.* v. *Gass*, 114 Va. 24, 75 S. E. 775; *Comer* v. *City of Winston-Salem*, 178 N. C. 383, 100 S. E. 619; *Pacific Gas Co.* v. *Almanzo*, 22 Ariz. 431, 198 Pac. 457; *Bottum* v. *Kamen*, 43 S. D. 498, 180 N. W. 948; *McGonegle* v. *Wisconsin Gas Co.*, 178 Wis. 594, 190 N. W. 471; *Curran* v. *Lewiston, etc. R. R. Co.*, 112 Me. 96, 90 Atl. 973, 974; *North Jersey St. Ry. Co.* v. *Morhart*, 65 N. J. Law, 236, 45 Atl. 812; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504, 18 N. E. 108, 110; *Beaver* v. *Chicago & E. I. R. R. Co.*, 199 Ill. 34, 65 N. E. 144, 145. And see cases cited in note, 48 L. R. A. (N. S.) 687.

In *Bond* v. *United Railroads*, 159 Cal. 270, 113 Pac. 366, 48 L. R. A. (N. S.) 687, 695, Ann. Cas. 1912C, 50, the doctrine is thus stated:

"It would seem to follow from this rule absolutely limiting the damages in every case to the pecuniary loss occasioned by the death, and upon a consideration of that justice which the statute itself invokes, that this pecuniary loss should be extended to, and should include, all pecuniary loss of every kind which the circumstances of the particular case establish with reasonable certainty will be suffered by the beneficiary of the statute in the future, because of the death of the victim. Nothing less would be a just compensation for the injury, and anything more, or anything in the realm of improbability, conjecture, or mere fancy, would be beyond the purview of the statute and unjust to the defendant. In many cases where the minor is near majority, the certainty of pecuniary loss from his death, to the parent, accruing after his minority, would be as great as the certainty of such loss during minority, and the expectations of benefits for many years thereafter would be as well established as in the case of the death of an adult. In other cases, where the child is a mere infant, the expectation of pecuniary benefits to accrue in the years following its arrival at majority, would be so remote that it could not justly be made the basis for a large addition to the damages. So, in the case of some adults such benefits would be exceedingly improbable. But the statute prescribes only one rule for all cases: 'Such damages may be given as under all the circumstances of the case may be just.' The manifest effect of this language is that in all cases to which the rule applies it is to be left to the jury to say, upon a consideration of the facts, what amount is a just compensation for the financial loss which the evidence shows will probably be directly or proximately caused by the death of the victim."

We think that this is the better view, and entirely consonant with the wording of G. L. 3315, permitting recovery of "such damages as are just, with reference to the pecuniary injuries resulting from such death," which, as is said in *Curran* v. *Lewiston, etc. R. R. Co.,* 112 Me. 96, 90 Atl. 973, 974, in speaking of a similar statutory provision, "contemplates that parents may during their entire lifetime be the recipients of bounty from a child or children"; and with the holdings of this Court in *Boyden* v. *Fitchburg R. R. Co.,* 70 Vt. 125, 127, 39 Atl. 771, and *Lazelle* v. *Newfane,* 70 Vt. 440, 444, 41 Atl. 511, following the construction placed upon the Stat. 9-10 Vict. ch. 93, in *Franklin* v. *S. E. Ry. Co.,* 3 H. & N. 211, 214, 8 Eng. Rul. Cas. 419, 421, 422, that it is not necessary that the next of kin should have had a legal claim upon the deceased for service and support. Indeed, the element of legal obligation after reaching majority is not entirely absent, for under G. L. 4232, a son has under certain circumstances the duty of supporting his indigent parents. See in this connection, *Birkett* v. *Knickerbocker Ice Co.,* 110 N. Y. 504, 18 N. E. 108, 110; *City of Chicago* v. *Keefe,* 114 Ill. 222, 2 N. E. 267, 270, 55 A. R. 860; *North Jersey Street Ry. Co.* v. *Morhart,* 65 N. J. Law, 236, 45 Atl. 812, 813.

[3] Did the evidence in the instant case justify the submission to the jury of the question of pecuniary injury accruing after the deceased had reached his majority? No general rule can be laid down to govern every case of this nature. Each must stand upon its own facts and circumstances. Such damages are not, in their nature, susceptible of exact computation. *Birkett* v. *Knickerbocker Ice Co.,* 110 N. Y. 504, 18 N. E. 108, 110.

The character, ability, and willingness of the deceased to help his mother and to contribute to her needs; her condition and necessities; their mutual relations, and attitude to each other; and their probable future course of conduct in reference to each other were for consideration. *Lazelle* v. *Newfane,* 70 Vt. 440, 446, 41 Atl. 511; *Needham, Admx.* v. *G. T. Ry. Co.,* 38 Vt. 294, 304, 305.

The plaintiff was a widow, forty-one years of age. The deceased had worked for the city of Rutland for over a year, and before that he had been employed driving an ice wagon; he was a steady worker, strong and healthy, and at the time of his death, was being paid at the rate of $3.60 a day, with extra for overtime, although he received no pay for days when he did not

work. He boarded and lodged at home, and each week gave his pay envelope to his mother, who returned to him a small part of the contents, and used the balance, amounting on an average to $15 or $16 a week, for the needs of the household. His mother purchased his clothes out of the money thus received. There were eight other children in the family, varying in age from 3 to 21 years. One daughter was working, and turned over her pay, amounting to $12 a week, to her mother. The deceased helped his mother about the house, splitting the fire wood and working in the garden and doing such things as she required.

We think that there was evidence from which the jury could find that the plaintiff had a reasonable expectation of pecuniary benefit from the continuance of the life of the deceased beyond his minority. Under the circumstances it was for them to say whether upon reaching his majority his contributions and help would probably continue. *North Jersey St. Ry. Co.* v. *Morhart,* 64 N. J. Law, 236, 45 Atl. 812, 813.

We find no error in the proceedings below.

*Judgment affirmed.*