NORMAN LAFERRIERE, ADMINISTRATOR
*vs.*
AUGUSTA ICE COMPANY

Kennebec. Opinion, July 13, 1948.

*William H. Niehoff*, for plaintiff.

*Locke, Campbell, Reid and Hebert,*
*Brooks Brown, Jr.,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. MURRAY, A. R. J.

THAXTER, J. This action was brought under the provisions of R. S. 1944, Chap. 152, Secs. 9 and 10, by a father as administrator to recover damages for the death of a child of the age of three and a half years killed as is alleged by the defendant's negligence. After a verdict for the plaintiff for $3,930, the case is before us on the defendant's motion for a new trial. And the only question before us on that motion is whether or not the damages are excessive.

The damages according to the statute are limited to what is a fair and just compensation not exceeding $10,000 "with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought," and in addition thereto the jury is directed to give such damages "as will compensate the estate of such deceased person for reasonable expenses of medical, surgical, and hospital care and treatment, and for reasonable funeral expenses . . . . ."

The plaintiff proved that there were funeral expenses of $150 and no question is raised as to these. The claimed excess is confined to the balance of $3,780. If we read the statute as written, and if we are governed by logic, it is hard to see, under the doctrine of *Bowley* v. *Smith,* 131 Me. 402, how we can do more than conjecture the "pecuniary loss" in such a case as this. We must project our minds into an unknown future in an effort to determine if there will ever be a pecuniary loss to parents under these circumstances. And yet we have permitted nominal or moderate recoveries under this statute for the death of children. We are aware that courts of high standing in other jurisdictions have sanctioned verdicts of larger amounts than has been the case with us. Whether or not these have been awarded under statutes similar to our own is not altogether clear.

Nor is it necessary to determine such question; for our own court has established certain limits beyond which we do not feel justified in going at this time.

In *Curran* v. *Lewiston, Augusta & Waterville Street R'y Co.*, 112 Me. 96, a jury awarded $1,811 for the death of an eight year old child. A *remittitur* was ordered of all the verdict in excess of $500. In *Blanchette* v. *Miles*, 139 Me. 70, an award by referees of $1,000 for the death of a twelve year old child was upheld.

In the instant case on the facts before us, we are of opinion that $1,150 is the maximum recovery which should be permitted.

> *Motion sustained, unless the plaintiff within thirty days from the filing of the rescript shall file a remittitur of all the damages in excess of $1,150.*