ARNOLD MORHART, ADMINISTRATOR, PLAINTIFF BELOW, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, DEFENDANT BELOW, PLAINTIFF IN ERROR.

Argued December 4, 1899—Decided March 5, 1900.

1. In an action by an administrator to recover damages for the pecuniary injury resulting to him for the death of a son, of whom he is next of kin, evidence that plaintiff was seventy-two years of age, that deceased was over eighteen years of age, that he earned at his trade $7 a week, and that his earnings were paid to his father, who furnished him board, lodging, clothing and a small amount of pocket money, was properly left to the jury on the question whether the father suffered pecuniary injury by being deprived of his son's earnings during the remainder of his minority, and of such contributions as the son might be reasonably expected to make after majority, either voluntarily or by compulsion in case the father became necessitous.

2. Whether a street railway company may lawfully lay a hose across a public highway, from a hydrant at its side to a tank-car on the company's track, for the purpose of filling the tank with water to be used in sprinkling the company's tracks, *quære.* If a right to place such an obstruction in a public highway exist, it must raise a duty on the company, which it owes to all travelers on the highway, to give such warning of the obstruction as would be reasonably required to protect the traveler from injury occasioned thereby, and whether such warning was in fact given must be a question for the jury.

3. Evidence that a bicyclist was riding in a bent position, at a considerable speed, in a public highway, will not necessarily establish negligence contributory to his death, occurring by his being thrown from his wheel by reason of the obstruction of a hose stretched across the highway, if the attitude of deceased was consistent with such observation as a traveler on the highway is required to make in respect to such obstacles, and the evidence may justify an inference that the obstacle might escape the required observation.

On error to the Supreme Court. This case was tried at May Term, 1899, of the Union Circuit Court, before Mr. Justice Van Syckel and a jury, and a verdict rendered for the plaintiff for $2,500.

For the plaintiff in error, *Frank Bergen.*

For the defendant in error, *John T. Dunn.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The action in which the judgment complained of was entered was brought by defendant in error to recover damages for the death of one Charles Morhart, his son and intestate.

The evidence contained in the bills of exception discloses that deceased, when returning from work, riding upon a bicycle in the public highway, was thrown therefrom by reason of a hose stretched across the road by the servants of the defendant company and used to convey water from a hydrant at the side of the road to a tank-car standing on the car track at or near the centre of the highway, which water was intended to be used in sprinkling the tracks of the defendant company. The fall from his bicycle occasioned the death of deceased.

At the close of plaintiff's case there was a motion to nonsuit on the ground that there was no evidence of damage sufficient to go to the jury. This motion was denied and exception was taken. This ruling is assigned for error.

Thereafter, counsel for plaintiff in error moved that the jury be directed to render a verdict for nominal damages. This motion was also denied and an exception taken. This ruling is also assigned for error.

These assignments may be considered together. No error is discoverable in either of the rulings therein complained of.

When these motions were made it had appeared in evidence that the administrator and father was seventy-two years of age; that the deceased son was somewhat over eighteen years of age; that he worked at a trade and earned $7 a week; that his earnings were paid to his father, and that the father furnished him with lodging, board and clothes and a small amount of pocket money. Upon this evidence it is obvious that there was a question for the jury whether the father suffered pecuniary injury by the death of his son, by being deprived of his earnings during minority, during which period the father was entitled to such earnings, though liable for his support and maintenance, and by being prospectively deprived

of such contributions as his son might thereafter make to the father's support, either voluntarily or under the compulsion of the law in case the father became necessitous.

At the close of the whole evidence a motion was made on behalf of plaintiff in error to direct a verdict in its favor, which motion was denied and the denial is the error alleged in the remaining assignment.

This motion was first pressed upon the ground that the case disclosed no wrong done by the railway company producing the death of plaintiff's son.

The case was tried on the theory expressed in the charge to the jury that the company had a right to lay the hose in the street if proper care was exercised in respect to it while there. This view of the company's right and liability was obviously favorable to it. Considering that a public street is devoted to the use of passengers on foot or in vehicles, whether a street railway company may lawfully obstruct its free use by laying a hose to supply its water-tanks for its benefit, is a question not free from difficulty, and on which, under the circumstances, no opinion need be expressed.

Assuming such right in the railway company, it was rightfully charged that the company owed a duty to exercise reasonable care that the obstruction made by it did not injure persons lawfully using the highway for passage. It was left to the jury to say whether such reasonable care did not require a warning of the presence of the obstruction. The only warning which appeared in the evidence was given by the motorman of the water-car, who waved his hand in a manner to indicate a desire that deceased should pass on the other side of the car, and, when deceased was near the car, called out, "Hey, look out for this hose here." It was thereon a plain question for the jury whether the warning by the waving of the hand or by the outcry was such a warning as reasonable care required.

The motion to direct a verdict for the railway company was further urged upon the ground that the evidence established the negligence of deceased contributory to his death.

It was contended in the trial in support of this motion, and is contended before us, that deceased was riding on his bicycle without using due care to observe obstructions in the street.

This contention assumes that the evidence requires the inference that deceased did not use his powers of observation in the manner required in respect to such an obstruction as was occasioned by the hose in the street.

The evidence might justify an inference that deceased was bent over his bicycle and riding at a rate of six or eight miles an hour. This does not necessarily negative due care to observe on the part of deceased, because, although bent, he might have used his eyes to observe the street over which he was passing. Nor does the fact that he ran upon and was thrown down by the hose stretched in the street necessarily indicate that he failed to use due care in observing, for the evidence justified the inference that the hose had become covered with the dust of the road so as not to be readily distinguishable from the road, and might not be perceived by a rider on a bicycle until too late to avoid it, even though using due care to observe.

A passenger along a public highway may expect to meet other passengers on foot or in vehicles. The observation which due care would require him to make as to such obstacles to his safe passage would be of one character. But as to obstructions placed therein not in connection with the ordinary public use of the road and of which no sufficient warning was given, the required observation may be different.

He may to some extent rely on the public way being preserved safe for passage. *Durant* v. *Palmer*, 5 *Dutcher* 544; *Houston* v. *Traphagen*, 18 *Vroom* 23. Whether, in respect to such occasional and unusual obstructions, the passenger has exercised due care in observing and avoiding them must generally be a question for a jury. It was clearly so in this case where the injurious obstruction was of a kind likely to escape observation.

The result is that no error is discovered in the respects claimed, and the judgment must be affirmed.

*For affirmance*—THE CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH. 13.

*For reversal*—None.