## MIDDLESEX WATER COMPANY v. THOMAS J. SAWYER, JR.

Argued June 5, 1900—Decided November 12, 1900.

A water company, by its contract with the defendant, agreed, among other things, to furnish it water on its premises with a pressure sufficient for fire purposes. In an action for water furnished under the contract, it was agreed by counsel that the only question was whether there was pressure at the defendant's premises sufficient for fire purposes, and that if there was, the plaintiff was entitled to recover the water rent which had accrued. If the pressure was not sufficient for fire purposes, then it was agreed that the verdict should be for the defendant. The court instructed the jury as follows: "On the part of the plaintiff, a number of expert witnesses have testified that a pressure of from sixty to eighty is ample for fire purposes, and there is no evidence to contradict that. Therefore, you may start out with that fact—that if there was pressure there of from sixty to eighty pounds, it was ample for the purposes for which the company agreed to furnish it, and they have, if they furnished it at that pressure, performed their contract." These instructions of the court were not excepted to. *Held*—

(1) That if there was any error or misapprehension on either of these subjects by the court, the attention of the court should have been called to that fact.

(2) That in examining this case, upon rule to show cause, no other question than that submitted by the court to the jury can be considered.

(3) That a verdict in favor of the defendant is against the weight of the evidence and should be set aside.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the rule, *Frank Bergen* and *Corbin & Corbin*.

*Contra, Leslie Lupton.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. The first suit was commenced on June 2d, 1899. It was brought to recover for water supplied by the company to the defendant for the year ending April 2d, 1899. The water was furnished under a contract dated April 13th, 1897, similar to the contract that was under consideration in *Middlesex Water Co.* v. *Knappmann Whiting Co., 35 Vroom* 240. The contract was for the period of five years from its date, and the amount claimed in this suit for water supplied at the contract rate was $337.93. The only part of the contract that is material is that wherein the company agrees to lay mains and water-pipes in the highways adjoining or near the defendant's premises at the Star landing, in the county of Middlesex, and to furnish therefrom pure and wholesome water, suitable for drinking purposes and domestic uses and suitable for steam-boilers, and with a pressure sufficient for fire purposes, and to complete the works within the year 1897. The company laid its pipes and turned the water on within the time limited by the contract, and began the delivery of water about the 1st of November, 1897. In this suit the plaintiff claimed for the amount due for the months of July and October, 1898, and January 1st and April 2d, 1899.

A second suit was brought by the company against the defendant on the 6th of July, 1899, to recover for water supplied between the 2d of April and the 2d of July, 1899, amounting at the contract rate to the sum of $322.82.

In each of these suits the defendant pleaded the general issue, and in the second suit gave a notice of recoupment, averring that the company did not furnish water with a pressure sufficient for fire purposes, but wholly failed to do so, and by reason of such failure, by a fire occurring on the defendant's premises on the 2d day of May, 1899, the defendant suffered loss and damage in the destruction of its buildings to the amount of $500. The claim of damages by way of recoupment was withdrawn at the trial. Both of these cases were tried together.

The court, in his charge to the jury, stated the question at issue in these words: "It is agreed by counsel that the only question in these cases is whether there was pressure at Sawyer's sufficient for fire purposes, and that, if there was, the plaintiff is entitled to recover the water rents which have accrued since the water was turned on. If the pressure was not sufficient for fire purposes, then it is agreed your verdict must be for the defendant." He also, in his instructions to the jury, said: "On the part of the plaintiff a number of expert witnesses have testified that a pressure of from sixty to eighty is ample for fire purposes, and there is no evidence to contradict that. Therefore, you may start out with that fact—that if there was pressure there of from sixty to eighty pounds, it was ample for the purposes for which the company agreed to furnish it, and they have, if they furnished it at that pressure, performed their contract." These instructions of the court were not excepted to. We have, then, this statement of facts unchallenged—that it was agreed at the trial that if the company had furnished water with a pressure sufficient for fire purposes it had performed its contract, and that the evidence was uncontradicted that a pressure of from sixty to eighty pounds was sufficient for that purpose. If there was any error or misapprehension on either of these subjects by the court, the attention of the court should have been called to that fact. The court, without objection or exception, expressly told the jury that the only question for their consideration was whether the company had in fact furnished water with a pressure sufficient for fire purposes. The jury found a verdict in each case in favor of the defendant.

In examining these cases upon the rule to show cause no other question than that submitted by the court to the jury can be considered. On such an examination it appears to us clear that the verdicts are against the weight of the evidence. As there must be a new trial, it would be superfluous to spread upon the record the testimony of the witnesses in detail.

The rule to show cause is made absolute in both cases.