ANTONIO COSTA, PLAINTIFF IN ERROR, v. THE TOWN-
SHIP OF CRANFORD, IN THE COUNTY OF UNION,
DEFENDANT IN ERROR.

Argued June 19, 1907—Decided November 18, 1907.

A contractor agreed, in writing, with a municipality to lay a sewer
    pipe of the required dimensions along a certain route at an aver-
    age depth of sixteen feet, in a locality which was supposed to be
    quite free from rock, upon a bid of $1.50 per lineal foot, the bid
    was to include compensation for removing rock from the sewer
    trenches and no extra compensation was to be allowed for tunnel-
    ing.  The agreement provided for a change in the route by the
    engineer of the municipality, if desired, any increase in the
    amount of the work thereby required to be paid for at the price
    established for such work under the contract; a change was made
    in the route, whereby the depth of the sewer trench was much
    increased and the work of excavation was largely through rock.
    The contractor sued for extra compensation for the excavation on
    the altered route.  At the trial below the court was requested to
    find that plaintiff was entitled to recover for the additional work,
    no price being mentioned in the contract which is applicable to
    the work done upon the changed route.  The request was refused
    and no recovery was allowed for the extra work.  *Held*, on
    review, that there was no error in the ruling, and the judgment
    was affirmed.

On error to the Supreme Court.

For the plaintiff in error, *Riker & Riker*.

For the defendant in error, *Berkeley C. Austin* and *Frank
Bergen*.

The opinion of the court was delivered by

HENDRICKSON, J.   This writ brings up for review a judg-
ment entered upon a *postea* obtained at the Union Circuit.
The suit was brought by the plaintiff, a contractor, to recover
for work and labor done and materials furnished in the con-
struction of a sewer in the defendant township.  A written
contract was entered into by the parties for the construction

of a sewer along a certain route, and according to plans referred to therein.

By its provisions about two thousand nine hundred feet of sewer was to be laid at an average depth of sixteen feet, and in a locality which was supposed to be quite free from rock or any other obstruction, the price fixed being the sum of $1.50 per lineal foot for laying twenty-inch vitrified pipe. According to another provision the township engineer was to have the option of making any changes in the line, grade, plan, position, dimensions or material of the work contemplated, either before or after construction had commenced.

A supplemental agreement was afterwards entered into between the parties, wherein the plaintiff agreed that the township should have the right to change the route of any part of the sewer mentioned in the original agreement, whether therein authorized or not, and it was therein declared "that the terms, specifications, conditions and agreements in the original contract should, each of them, in all respects apply to and be binding and operative upon the party of the first part [who was the plaintiff] in the performance of all work and the furnishing of all materials rendered proper, requisite or necessary by any such change or changes of the route, and that in all respects, except as to such change of route, said contract shall be and remain in full force and virtue." The supplemental contract also provided that the price paid for excavation should be that fixed in the original contract. It was provided in the latter that the "compensation for removing rock from sewer trenches and appurtenances must be included in the price per lineal foot of sewer, or verticle foot of manholes," &c., and that "no extra compensation will be allowed for tunneling." It appears from the proofs that by the change of the route the length of the line of sewer was much shortened, the depth of the trench was much increased and the work of excavation was largely through rock, and that through the rock the work was done by tunneling.

The township claimed that, notwithstanding these changed conditions, all that the plaintiff was entitled to recover was

$1.50 per lineal foot for the work of constructing the sewer along the altered route.

The plaintiff claims that the price fixed by the original contract does not bind. The case was tried before the Circuit judge without a jury, and he was requested, on behalf of the plaintiff, to find—

*First.* That the plaintiff is not precluded by the terms of the original and supplemental contracts from recovering for the work done by him moneys in excess of compensation at the rate of $1.50 per lineal foot for the sewer laid by him along the altered route.

*Second.* That the plaintiff is entitled to recover the amount awarded by the referee as compensation for the additional work required by the change of line of the sewer in Centennial avenue. [This request was based upon the fact that the matter was originally heard by a referee, who awarded the plaintiff compensation over and above the price fixed by the contract.]

*Third.* That the plaintiff is entitled to recover for the additional work required by the change of the line of the sewer in Centennial avenue a reasonable compensation for additional work, no price being mentioned in the contracts which is applicable to the work done in that avenue.

The trial judge refused to find as requested, and found, on the contrary, that by the supplemental agreement the price fixed in the original agreement bound the parties as to work done on the route as changed. Exception was duly taken to this refusal, and the court's ruling is now before us for review.

We find no error in this ruling of the trial judge. It seems to us that the supplemental contract quite clearly supports the view thus taken by the trial judge, where it states that the terms mentioned in the original contract shall in all respects apply to and be binding upon the party of the first part.

Having made this supplemental contract, the fact that by its execution he has sustained loss affords him no legal ground for relief from its provisions.

The settled doctrine applying in such cases was tersely stated by Mr. Justice Whelpley, in *School Trustees* v. *Bennett,* 3 *Dutcher* 513, 519, in these words:

"He that agrees to do an act should do it, unless absolutely impossible. He should provide against contingencies in his contract. Where one of two innocent parties must sustain a loss, the law casts it upon him who has agreed to sustain it, or rather the law leaves it where the agreement of the parties has put it. The law will not insert, for the benefit of one of the parties, by construction, an exception which the parties have not, either by design or neglect, inserted in their engagement."

This doctrine was approved by this court in *Water Company* v. *Knappmann Whiting Co.,* 35 *Vroom* 240, Mr. Justice Depue (afterwards Chief Justice) delivering the opinion. See, also, *Coles* v. *Manufacturing Company,* 10 *Id.* 326; *Rosenbaum* v. *United States Credit Company,* 35 *Id.* 34.

It is contended for the plaintiff that the alterations in the route, if they are to be paid for at the rate fixed by the contract, must be alterations in amount, and not alterations in the character, of the work to be performed, and that since the alteration in this case changed materially the character of the work, the plaintiff, notwithstanding the contracts, is entitled to extra compensation for the laying of the sewer upon the altered route through the rock and shale. In support of this contention the case of *Wood* v. *City of Fort Wayne,* 119 *U. S.* 312, was relied on.

A reading of this case shows that in some respects it is quite similar to that now before us. There the contract provided that the plans might be changed at any time, and that any extra work involved in such change should be paid for at the contract rate for work of the class. But it appears that the change made by the municipality changed the character of the work altogether. The original bid was made with reference to the laying of water pipe across St. Mary's river on the line of Calhoun street, and the plan had been changed so as to make the crossing of the river on the line of Clinton street, where the plaintiffs, upon examination, found the

water was seven feet deep (being five feet deeper than at Calhoun street), and that the bed of the river was composed of quicksand, and the plaintiffs thereupon refused to do the work called for by the changed plan, unless they should be paid for the extra and additional cost of doing it, until the trustees had promised that they would in future make it all right about such extra work.

It was held in the Fort Wayne case that the contract there under consideration fixed no special rate for laying pipe under the river, and it could not fairly be said that there was any contract price for work of the class done in crossing the river in the depth of water and with the quicksand found at Clinton street, and that situation clearly distinguishes the Fort Wayne case from the one we are considering, where the contract says the compensation for all excavation shall be included in the price bid per lineal foot of sewer; the compensation for removing rock from sewer trenches must be included in such bid per lineal foot of sewer; no extra compensation will be allowed for tunneling. We think the Fort Wayne case fails to support the plaintiff's contention, and that, for the reasons stated, the judgment below must be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, GREEN, GRAY, DILL, J.J.   13.

*For reversal*—None.