IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY

NOVEMBER TERM, 1912.

---

THE BOARD OF EDUCATION OF THE CITY OF MILLVILLE
v. EMPIRE STATE SURETY COMPANY OF NEW YORK
ET AL.

Argued June 5, 1912—Decided December 11, 1912.

1. Where a contract has been entered into between a corporation
and an individual, and the latter has had the benefit of full per-
formance by the corporation, he will not be allowed to object, in
a suit brought against him for a breach of the agreement on his
part, that the contract and performance were not within the
legitimate powers of the corporation. And this is the rule with
relation to municipal as well as to private corporations.
2. Where a party by his own contract creates a duty, or a charge,
upon himself, he is bound to make it good if he may, notwith-
standing any accident by inevitable necessity, because he might
have provided against it by his contract.

---

On demurrer to replications.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and BERGEN.

293

For the plaintiff, *Joseph F. Smith* and *Louis H. Miller*.

For the defendants, *Bedle & Kellogg.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff sues upon a bond given to it by Joseph Steelman as principal, and the Empire State Surety Company of New York as surety, on the 8th day of June, 1909, to secure the faithful performance by Steelman of a contract made on the same day by him and the plaintiff for the erection of a school building in the city of Millville, in accordance with certain plans and specifications which, by express provision therein, were made a part of the contract.

The declaration contains, among others, an averment of full and complete performance on the part of the plaintiff of all things required by the contract to be done or performed by it; and also an averment of failure by Steelman to perform on his part.

The defendants pleaded specially, in bar of the action, that the plaintiff did not, prior to the making of the contract with Steelman, or the execution of the bond sued upon, submit the plans and specifications for the school building to the state board of education for suggestions and criticism, in accordance with the requirement of section 129 of the School law of 1903. They further pleaded in bar that Steelman, when he made the contract for the erection of the school house, supposed and believed that a building such as was required by the plans and specifications could be put up that would not fall "during the erection thereof, or within a reasonable time thereafter," whereas, the contrary was the fact.

To each of these special pleas the plaintiff filed replications; and to these replications the defendants demurred.

Whether the replications are objectionable, for the reasons specified in the demurrer, we find it unnecessary to determine. It is an established rule of pleading that, upon the argument of a demurrer, the court will, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance (1 *Chit. Pl.*

*668) ; and upon a consideration of the whole record, we find the pleas themselves to be fatally deficient.

The first of these pleas attempts to avoid liability, upon the ground that the plaintiff, by entering into the contract with Steelman for the erection of the school building without first submitting the plans and specifications to the state board of education, exceeded the power conferred upon it in that regard by the legislature. Conceding this to be the fact, it constitutes no defence to the plaintiff's action. It is averred, in the declaration, and not denied in the plea, that the plaintiff has fully performed the contract on its part. It is settled in this state that a corporation cannot avail itself of the defence of *ultra vires* when the contract has been in good faith fully performed by the other party, and the corporation has had the full benefit of the performance. *Camden and Atlantic Railroad Co.* v. *May's Landing and Egg Harbor City Railroad Co.,* 19 *Vroom* 530. The same rule holds *e converso.* If the other party has had the benefit of a contract fully performed by the corporation, he will not be heard to object that the contract and performance were not within the legitimate powers of the corporation. *Chester Glass Co.* v. *Dewey,* 16 *Mass.* 94; *Rutland and Burlington Railroad Co.* v. *Proctor,* 29 *Vt.* 93; *Union National Bank* v. *Matthews,* 98 *U. S.* 621; *Parish* v. *Wheeler,* 22 *N. Y.* 494; *Whitney Arms Co.* v. *Barlow,* 63 *Id.* 62. And this is true with relation to municipal as well as to private corporations. *Mayor, &c., of New York* v. *Sonneborn,* 113 *Id.* 423, 426; *City of Buffalo* v. *Balcom,* 134 *Id.* 532.

Taking up the consideration of the other pleas: The theory that the defendant Steelman was absolved from the performance of his contract by reason of the fact that the building called for by the plans and specifications was so unsubstantial that it would fall during the work of construction, or soon afterward, is equally untenable. *School Trustees of Trenton* v. *Bennett,* 3 *Dutcher* 513. In that case the trustees sued Bennett and one Carlisle, as guarantors for Evernham & Hill, who had entered into a contract with the trustees to build and complete a school house in accordance with specifi-

cations annexed to the contract, and which designated the particular location of the building. When the school house was nearly completed it collapsed and fell, solely on account of the fact that the soil on which it stood was soft and miry, and unable to support the weight of the building. Evernham & Hill thereupon abandoned further work under the contract. In the suit brought against the guarantor it was contended by them that, because of this condition of the soil which rendered it impossible to erect a building which would not fall, the contractors were excused from performance. This contention was held to be without merit, the court saying: "No rule of law is more firmly established by a long train of decisions than this—that where a party by his own contract creates a duty or charge upon himself he is bound to make it good, if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract." This case was quoted with approval, and the rule laid down by it upheld, by the Court of Errors and Appeals, in *Middlesex Water Co.* v. *Knappmann Whiting Co.,* 35 *Vroom* 240, where many of the decisions upon this subject are referred to and commented upon.

.The plaintiff is entitled to judgment on the demurrer.