DAVIS, Director General of Railroads v. McCULLERS.

[89 South. 158. No. 21635.]

1  DEATH. *Recovery for services of child limited to minority.*
   In a suit for damages for the death of an infant daughter, re-
   covery for services due father is limited to years of minority
   only.

2. DEATH. *Instruction on damages held too broad.*
   An instruction in such case, which tells the jury to find "for each
   and every character and kind of damages suffered by benefi-
   ciaries," is error because it is too broad and invites unwar-
   ranted elements of damages.

3. NEGLIGENCE. *Instruction to find full compensation erroneous, as
   preventing diminishment for contributory negligence.*
   In such case an instruction to find "full compensation" is error,
   where case justifies diminishmen of damages for contributory
   negligence.

4. NEGLIGENCE. *Refusal to instruct on contributory negligence held
   erroneous.*
   In such case it was error to refuse an instruction that deceased
   was guilty of contributory negligence, where this is true as a
   matter of law; and where the jury failed to diminish in such
   case, resulting in an excessive verdict, the judgment will be
   reversed for new trial as to damages only.

APPEAL from circuit court of Coahoma county, Second
District.

HON. W. A. ALCORN, JR., Judge.

Suit by John F. McCullers against James C. Davis, Di-
rector General of Railroads, and Agent of the United
States. Judgment for plaintiff, and defendant appeals.
Affirmed, on condition of *remittitur.*

*Chas. N. Burch, H. D. Minor* and *A. W. Shands,* for ap-
pellant.

Instruction No. 3 for the plaintiff on the measure of
damages was erroneous.

Instruction No. 3 for the plaintiff, provides as follows: "The court instructs the jury that if they find for the plaintiff, in determining the damages and the amount of the damages which should be awarded to the plaintiffs, the jury should take into consideration all the damages of every kind to each of the deceased, and all damages shown by the evidence of every kind to each of the beneficiaries, to-wit: The father and the two daughters, Beatrice and Sydney McCullers. That in determining said damages, the plaintiff is not required to prove the damages so suffered in dollars and cents, but the jury should take into consideration each and all and every element of damage which the beneficiaries have suffered by reason of the same as shown by the evidence. That they should consider the loss of the society, companionship and enjoyment which the beneficiaries were deprived of in the death of their sister and daughter, and the expectation of her services in caring for one or more of the beneficiaries during the remainder of her life, and all such damages as they may believe from the evidence the beneficiaries have suffered, as they may believe any or all of such facts are shown by the evidence in the case, and they should return a verdict in favor of the plaintiff for such a sum as they may believe will make (full compensation) to all of the beneficiaries for each and every character and kind of damages which they may believe from the evidence the beneficiaries herein have suffered in the loss of the wife and mother, and daughter, and sister."

The above instruction is erroneous for several reasons. In the concluding part of the instruction it is said that the jury should give full compensation to the beneficiaries "for each and every character and kind of damage which they may believe from the evidence the beneficiaries have suffered."

The general form of this instruction would authorize even pecuniary compensation for grief, and on account of the horror and shock of the tragedy. As liberal as the rule in Mississippi is in regard to damages, there is no decision

which allows a jury to return damages on every ground within the range of the conjecture or imagination of the jury. Damages are intended as pecuniary compensation. The rule as to damages in Mississippi has recently been stated in the following cases: *St. Louis, etc., Railroad* v. *Moore,* 107 Miss. 768; *Gulf & Ship Island R. R.* v. *Boon,* 82 So. 338; *Hines, Director Gen. etc.,* v. *Moore,* 87 So. 1.

Furthermore, the instruction authorizes the recovery for loss of services of the infant daughter, not merely during her minority, but during the remainder of her life. This was clearly erroneous. *Hines, Director Gen. etc.,* v. *Moore,* 87, So. 1.

Instruction No. 3 for the plaintiff is also erroneous in that it undertakes to give a complete instruction to the jury as to the measure of damages recoverable. The first and greater part of it is taken up with a statement as to what the jury should take into consideration in determining the damages. After having told the jury what they should take into consideration the instruction then directs: "They should return a verdict in favor of the plaintiff for such a sum as they may believe will make full compensation to all the beneficiaries for each and every character and kind of damages which they may believe from the evidence the beneficiaries herein have suffered in the loss of the wife and mother, and daughter and sister."

This instruction is erroneous, not merely in that it omits any consideration of dimunition because of contributory negligence, but also in that it affirmatively excludes any such consideration by directing the awarding of full compensation. As defined by most lexicographers, the word "full" means without abatement or diminution. The instruction, therefore, is a positive direction to the jury to give the plaintiff compensation for all damages without abatement or diminution.

The error in this respect will probably be conceded. But it will probably be claimed that the charge should be read as a whole, and that the charge, when so read, properly covers the matter of diminution on account of contributory

negligence because several instructions granted to ·the defendant so direct.

This argument does not save instruction No. 3 for the plaintiff, or remove its harmful effect. It is true that the court's charge should be read as a whole. The proper rule, however, has been thus stated by Judge WHITFIELD, quoting from an earlier case: Where an abstract proppsition of law is incorrectly announced by an instruction, and the same or similar propositions of law are thereafter correctly set forth in other instructions in the cause, then if, taking the instructions on both sides as a whole, the court can safely affirm that no harm has been done to either side and that the right result has been reached, the verdict of the jury will not, in such cases, be disturbed." *Skates* v. *State,* 64 Miss. 644; *Godfrey* v. *Railroad Co.,* 101 Miss. 570; *Harper* v. *State,* 83 Miss. 402.

The error in instruction No. 3 for the plaintiff cannot be disregarded unless the court can safely affirm that no harm has been done to either side, and that the right result has been reached. The rule deducible from the cases is, that if the two instructions are explanatory of each other, or if one is the complement of the other, and when read together correctly state the law, then no error has resulted. But when the two instructions are contradictory, then the error is reversible. *Godfrey* v. *Railroad Co.,* 101 Miss. 571.

In the case of *Mahaffey* v. *Russell,* .100 Miss. 122, it appeared that the Mahaffey Company, a corporation of Wisconsin, was indebted to the plaintiff Russell. Thereafter that the corporation was dissolved and discontinued business, but shortly afterwards another corporation, with exactly the same name was reorganized under the laws of Illinois, and succeeded to a part of the first company's property. By instruction No. 2 for the plaintiff, the jury was authorized to return a verdict in favor of, the plaintiff for the amount of his claim. If the Illinois Company had received assets of the Wisconsin corporation in any amount whatever, by a subsequent instruction for the defendant, the jury was told that the Illinois Corporation was liable to the plaintiff only to the extent of the value of the assets, if

any, received by it from the Wisconsin corporation, the original debtor. The court held that these two instructions were contradictory and that the error in the first instruction was a reversible error, notwithstanding the granting of the second.

It will be argued, however, that it was not the duty of the plaintiff to have the jury instructed as to the effect of contributory negligence, but that this duty rested on the defendant, and the case of *Messina* v. *Railroad,* 108 Miss. 149, will be relied on. Similar language was used in the case of *Lindsey* v. *Nix,* 108 Miss. 817. The exact instruction for plaintiff, given in the Messina case, does not appear from the report, but in the case of *Lindsey* v. *Nix,* 108 Miss. 817, the plaintiff's instruction was: "The court instructs the jury for the plaintiff, Nix, that if they find for the plaintiff, they should find a verdict for such an amount as in their judgment the evidence in the case warrants; and in fixing the amount the jury should take into consideration the physical pain and mental anguish which plaintiff suffered as a result of his injury, if they believe from the evidence he suffered such pain and anguish." *Lindsey* v. *Nix,* 108 Miss. 817 .

The difference between the instruction just quoted and the instruction in the case at bar is manifest. The instruction in the Lindsey case when read in connection with the instruction for the defendant (if one had been given) that damages should be diminished on account of negligence of the plaintiff, would have presented a correct statement of the law. In the present instance, however, the instruction granted to the defendant with respect to contributory negligence stands as an absolute contradiction of plaintiff's instruction No. 3, which affirmatively and emphatically charges the jury to return "full compensation for each and every kind of damages."

Point is given the error in instruction No. 3 directing the awarding of full damages, by the fact that the code provides for the full damages, in only one instance, namely,

where the plaintiff was injured by a backing train near the depot. Code of 1906, section 4047.

The dissenting opinion by Justices ETHRIDGE and SYKES, in the case of *Mobile O. R. Co.* v. *Campbell,* 114 Miss. 832, while not an authority, because it is a dissenting opinion, is valuable in this connection because of its reasoning. It is fairly deducible from the majority opinion that the instruction in that case directing, full damages, would have been treated as a reversible error but for the fact that the amount awarded was evidently not full damages, in view of the injuries sustained by the plaintiff. The uncontradicted proof there showed that the plaintiff was an experienced engineer, receiving two thousand four hundred dollars per annum; that he was severely injured; that he was unable to hold a job as engineer and, according to his testimony, would never be able to do so. The court reached the conclusion that he had been permanently injured, and, therefore, an award of ten thousand dollars was clearly not an award of full damages.

*Maynard, FitzGerold & Venable, J. W. Cutrer* and *J. C. Cutrer,* for appellee.

The several elements of damage proper for consideration are correctly stated in Instruction No. 3. The instruction on that point, is, in principle, if not in identical language, entirely in harmony with the well established rule in Mississippi especially as announced in the case of *Railroad Company* v. *Moore,* 101 Miss. 768.

Three objections are made to the instruction. It is said that the instruction authorized the awarding of full damages regardless of any evidence of contributory negligence on the part of the decedent; that it authorized recovery for grief and horror growing out of the shock of the tragedy; and that it authorized a recovery for the loss of services of John Frances McCullers, not merely during her minority, but during the remainder of her life; citing *Hines* v. *Moore,* 87 So. 1.

It is patent from a reading of the instruction in connection with the other instructions, that the objections stated are not well taken. The first objection, that it was error for the appellee to fail to request a charge on the rule relating to the diminution of damages because of contributory negligence, as has been passed on many times by this court, adversely to the same contention now again presented. *Lindsey* v. *Nix,* 108 Miss. 814; *Railroad Co.* v. *Messina,* 109 Miss. 143; *Railroad Co.* v. *Campbell,* 114 Miss. 803.

There is no question in Mississippi as to the person upon whom the duty rests to request instructions of the character mentioned; the party so desiring that information on the subject be given to the jury, must present to the trial judge proper instructions in writing containing such information. *Lindsey* v. *Nix,* 108 Miss. 817; *Railroad Co.* v. *Campbell,* 114 Miss. 803.

In this case the instruction merely directed the jury that they should take into consideration all the damages of every kind to each of the deceased, and all damages of every kind to each of the beneficiaries as shown by the evidence in the case, and then that the jury should award such damages as they may believe from the evidence that the beneficiaries have suffered, and should return a verdict for the plaintiff for such a sum as they might believe from the evidence "will make full compensation to all of the beneficiaries for each and every character and kind of damages which they may believe from the evidence the beneficiaries herein have suffered.

It will, therefore, be seen, that throughout, the jury were directed to consider the evidence, and not as in the Campbell case, "to return a verdict for him for full damages" in the language of the instruction in that case. 114 Miss. 820.

The instructions in the present case do not direct the jury to return a verdict for full damages, but only to return a verdict for such a sum as they may believe from the evidence will make full compensation to all of the beneficiaries. In the language of this court in the case of *Lindsey* v. *Nix,* 108 Miss. 816, the instruction only tells the jury that

they can award damages in such an amount as the evidence warrants, this means the whole evidence, that for the plaintiff and that for the defendant; in deciding on the amount of their verdict they must consider all of the proof, and all that may be included therein in the way of claims of liability and of defense.

The same rule is laid down in other cases, and in fact in all cases that have come before this court dealing with that particular proposition. But it will be observed that in the instruction in the present instance, as already indicated, there was no direction to the jury to find for the plaintiff for full damages. All that was required of the jury was that taking all the evidence, which means the evidence dealing with contributory negligence, as well as the other evidence, and considering all the evidence, to render a verdict for the plaintiff for such a sum only as would make full compensation to the beneficiaries. The use of the word "damages" conveys the idea that the solution of damages can be accomplished only by the award and payment of an entire amount in money which is the equivalent of the detriment of injuries sustained.

The word compensation as used, indicates that something must be supplied to make good a deficiency, or to make amends in accordance with the rights of the parties, and in this case, all that the jury were directed to do was to consider all the evidence and taking all the evidence into consideration also, the conduct of the deceased, as the jury may have determined them to have been free from negligence or as having been guilty of negligence which contributed to produce the injury.

Compensation under the facts in the case is all that was sought, and all that the instructions authorized the jury to declare. Compensation here means only all that the beneficiaries under the evidence, were entitled to receive, whether it be termed full, or complete, or entire, or adequate. It was and is the duty of the appellee to receive this, and not to be granted a minus-compensation, or an award less than all or full or complete or adequate compensation.

However, if the word "damages" had been used instead, the use of the expression "full damages," has been expressly approved in the *Campbell case, supra,* 114 Miss 825, where, as here, the appellant had requested and had been granted full instructions in regard to the diminishing of damages because of contributory negligence, when such negligence should have been, if even affirmatively established by the appellant.

The second ground of criticism is that the instruction may have authorized the jury to award pecuniary compensation for grief at the horror and shock of the tragedy. There is no contention in this case that appellee was entitled to compensation on that account. The instruction does not give the jury any such privilege, nor does it authorize the jury to return a verdict for damages on every ground within the range of the conjecture or imagination of the jury, as the appellant complains.

The element of damages mentioned as proper for the consideration of the jury, mentioned no such basis for recovery; the concluding part of the charge necessarily relates to what preceded. The instruction itself directs the jury to consider only all the facts relating to such damages as were enumerated above, as they may believe any or all of such facts to be shown by the evidence in the case, and then considering these matters only, and the evidence relating thereto, to return a verdict for such an amount as will make full compensation for the injuries so suffered. All the instructions in the case are in harmony with this statement of the law.

In the case of *Railroad Company* v. *Moore,* 101 Miss. 768, an instruction was granted which authorized the return of a verdict for mental and physical pain and suffering, and the court held that although the death was instantaneous, and the intestate suffered no pain either mental or physical, there was no ground for reversing the judgment because of the alleged error, because if the evidence failed to show any physical or mental pain, it must be presumed that the

34

jury in its verdict did not include anything for the pain and suffering.

In the case of *Lindsey* v. *Nix,* 108 Miss. 814, the jury were instructed that if they found for the plaintiff they should return a verdict for such an amount as in their judgment the evidence in the case warrants. The objection was made that the instruction gave no guide to the jury and placed no limit upon their ascertainment·or finding as to the elements of damage. In other words, it was claimed by counsel for appellant, that by this instruction no guide is given to the jury and that any amount the jury, according to their individual standards, might find warranted by the evidence could be awarded, and that they were directed to award full compensation to the plaintiff.

In answer to this objection, we repeat again, that the court said relative thereto: "We see no error in this instruction. It simply tells the jury that they can award damages in such amount as the evidence warrants, this means the whole evidence, that for the plaintiff and that for the defendant; in deciding on the amount of their verdict they must consider all the proof, and all that may be included therein in the way of claims of liability and of defense.

There was and is no presentation of a claim of liability by the appellee, that the appellant was or is liable for grief on account of the horror and shock of the tragedy, and, therefore, it is beyond cavil that the suggestion made by the appellant, that the instruction could warrant a recovery for grief on account of the horror and shock of the tragedy is outside of the record, and in the face of the contentions presented for appellee.

The third objection to this instruction is that it authorizes the recovery for loss of services of John Frances McCullers, not merely during her minority, but during the remainder of her life, and the case of *Hines, Director General,* v. *Moore,* 87 So. 1, is cited in support of the proposition.

That was a suit for damages for injuries resulting in death. The objection to the particular instruction granted in that case, as this court stated it, was, that it is inaccurately drawn. There seemed to be an idea in the mind of the draftsman of the instruction under review, that the parent had a right on the pleadings in that case independent of the rights of her children, the other beneficiaries in the suit, to recover separately, for the period of minority, and then that all the beneficiaries together, could recover for the whole life expectancy. And so the instruction was written and granted.

The rule in Mississippi, however, is that for the injuries resulting in death, there shall be only one suit, and in it there can be only one recovery, which shall include in one verdict all damages of all kinds to the deceased, and all damages of all kinds to all of the beneficiaries, regardless of any special rights the mother might at any time be held to be vested with, and as to how the damages recovered may be portionable to the several beneficiaries as between themselves as provided by the statute.

The recovery on account of death in this character of action, under the statute, must be based on the life expectation of the deceased, and not on fragmentary periods of time nor on duplications of periods. As stated by this court in *New Deemer Mfg. Co.* v. *Alexander,* 122 Miss. 859, 85 So. 107: the object of the statute is to furnish compensation for the injuries received to the parties suing for the death of the deceased, they having the right to sue for the value of the life under the statute." The same rule is announced in *Railroad Co.* v. *Boone,* 120 Miss. 632, 82 So. 335.

The instruction under criticism in this case, has carefully avoided any duplication of damages as was done in the Moore case, and it was because of that fact only that the court found fault with the instruction that was there denominated as inaccurately drawn.

If the appellees, or any of the appellees, any in fact, under instruction number two, have received less considera-

tion from the jury than they were entitled to receive, it does not lie in the mouth of appellant to complain of any action of the court that may have operated to produce such, a result. We may add, finally that an instruction identical in subject-matter, passed successfully under review on the former appeal in this case.

We submit on the whole case, that the instructions for both sides are harmonious and are wholly free from conflict—certainly from fatal conflicts.

HOLDEN, J., delivered the opinion of the court.

This is a suit by John McCullers, for himself and his two daughters, Beatrice McCullers and Sidney McCullers, against the Yazoo & Mississippi Valley Railroad Company to recover damages for the death of Mrs. John McCullers and her infant daughter, Frances McCullers, who were killed at a road crossing near Matson, Miss., by a collision between the automobile in which they were riding and a passenger train of the railroad company. Mr. John McCullers was the wife of the plaintiff John McCullers, and the mother of Beatrice McCullers and Sidney McCullers. The infant daughter Frances was the daughter of John McCullers and the sister of Beatrice and Sydney McCullers. From a judgment for fifty thousand dollars in favor of the plaintiff, this appeal is prosecuted.

The case is here for the second time (see *Hines, Director General,* v. *McCullers,* 121 Miss. 666, 83 So. 734), and reference is made to the opinion written in the former decision, which states the facts and law of the case. On the second trial of the case the testimony was practically the same as that given at the first trial. The liability of the railroad company for negligence was determined upon the sole question of whether or not the statutory signals were given by the defendant railroad on approaching the crossing where the collision occurred. There were many witnesses introduced by both sides on this contested question of fact; the witnesses for the plaintiff testifying that the required signals were not given, and the witnesses for the

railroad company testifying that they were given. The jury decided the dispute in favor of the plaintiff, and assessed the damages at fifty thousand dollars.

The railroad company, appellant, now complains that the lower court erred in granting certain instructions for the plaintiff and in refusing certain instructions requested by the defendant.

We find no substantial error in the instructions granted the plaintiff, when read together, except instruction 3, charging the jury that the appellant was entitled to recover for the services of the infant daughter during the remainder of her life. This was error, because the father was entitled to the services of his child only until she was twenty-one years of age. It was also error, in this instruction, to tell the jury to find "for each and every character and kind of damages which they may believe the beneficiaries suffered," because this announces a rule much too broad, permits speculation and conjecture, and is not limited to the proper elements under the law. This instruction also permits a recovery of "full compensation" to all beneficiaries for all kinds of damages. This error was calculated to mislead the jury with reference to, and influenced it against, diminishment of damages on account of contributory negligence.

However, these errors, standing alone, would not cause a reversal of the case on the question of liability, but, coupled with the error of the court in refusing to grant instruction No. 5, asked by the defendant, charging the jury that Mrs. McCullers was guilty of contributory negligence proximately contributing to the accident, we think the judgment must be reversed as to the amount of damages. It is our opinion, from the facts and circumstances in this case, Mrs. McCullers was guilty of contributory negligence as a matter of law, and the court should have so instructed the jury. That the jury did not diminish the damages on account of the contributory negligence of Mrs. McCullers, as it should have done, is manifest, which failure to diminish resulted in the excessive verdict of fifty thousand dollars.

The undisputed proof in the case shows that Mrs. McCullers, the mother of Beatrice and Sydney, was in charge of the party riding in the automobile, and that she was entirely familiar with the railroad crossing at which they were struck. She had crossed it many hundreds of times, and knew on this occasion that she was about to cross the railroad track, and that she was riding in a closed car, which made it difficult to hear any sound made by a train on the outside, and that the dusty condition of the atmosphere at the time and the closed car made it hard to see the train; and also knowing that the train was due at that point at that time, yet she permitted her daughter driving the car, without objection or caution, to proceed to go upon the track without taking any reasonable precaution to observe the danger of the situation at the time. Under these circumstances a reasonably prudent person would not have gone upon a railroad crossing, known to be dangerous, without looking or listening for an approaching train.

It is our judgment that the negligence of Mrs. McCullers contributed to her injury, and that if the court had instructed the jury that she was guilty of contributory negligence, and the jury had diminished the amount of damages, for her death, in proportion to her negligence, and eliminated the unwarranted damages, the verdict in this case reasonably should not have been more than twenty-five thousand dollars. But the failure of the jury to take into consideration the contributory negligence of Mrs. McCullers, and diminish the amount of damages in proportion thereto, has resulted in an excessive verdict, for which we must reverse the judgment and remand the case for a new trial on the question of damages only, unless the appellee will enter a *remittitur* here, reducing the amount of the judgment to twenty-five thousand dollars, in which event the judgment will be affirmed.

Reversed as to damages only, unless *remittitur* for twenty-five thousand dollars is entered here.

*Remittitur agreed to and entered as per opinion.*